**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3470

*Counsel for Proposed Lead Plaintiff Retail
Wholesale Department Store Union Local 338
Retirement Fund, Retail Wholesale Department
Store Union Local 338 Health & Welfare Fund,
Retail Wholesale Department Store Union Local
338 General Fund, and Retail Wholesale
Department Store Union Local 338 Benefits
Trust Fund*

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 RETIREMENT FUND, RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 HEALTH & WELFARE FUND, RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 GENERAL FUND, and RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 BENEFITS TRUST FUND, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>STITCH FIX INC., KATRINA LAKE, ELIZABETH SPAULDING, STEVEN ANDERSON II, BASELINE VENTURES LLC, BASELINE VENTURES 2009 LLC, BASELINE INCREASED EXPOSURE FUND, LLC, BASELINE CABLE CAR, LLC, and BASELINE ENCORE, L.P.,<br><br>                Defendants. | Case No. 4:22-cv-4893-HSG<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION OF RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 RETIREMENT FUND, RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 HEALTH & WELFARE FUND, RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 GENERAL FUND, AND RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 BENEFITS TRUST FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: February 9, 2023<br>Time: 2:00 p.m.<br>Dept.: Courtroom 2, 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

NOTICE OF MOTION AND MOTION ............................................................................... 1

STATEMENT OF ISSUES ................................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 2

I.   PRELIMINARY STATEMENT ................................................................................ 2

II.  SUMMARY OF THE ACTION ................................................................................ 4

III. ARGUMENT .............................................................................................................. 5

    A.   The Local 338 Funds Are The Most Adequate Plaintiff ................................................................................................... 5

        1.   The Local 338 Funds' Motion Is Timely ................................................... 5

        2.   The Local 338 Funds Have The Largest Financial Interest In The Relief Sought By The Class .................................................................. 5

        3.   The Local 338 Funds Otherwise Satisfy The Requirements Of Rule 23 .................................................................. 6

    B.   The Local 338 Funds Selected Well-Qualified Lead Counsel To Represent The Class ................................................................... 8

CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

CASES                                                                                                    PAGE(S)

*Ali v. Intel Corp.*,
   2018 WL 2412111 (N.D. Cal. May 29, 2018) ..................................................................6

*Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*,
   2022 WL 3597200 (E.D. Pa. Aug. 23, 2022) ...............................................................10

*Bricklayers' & Allied Craftworkers Loc. #2 Albany v. New Oriental Educ. &*
   *Tech. Grp. Inc.*,
   2022 WL 1515451 (S.D.N.Y. May 13, 2022) ................................................................10

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) .........................................................................................5

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
   2013 WL 2368059 (N.D. Cal. May 29, 2013) .................................................................6

*City of Miami Firefighters' & Police Officers' Ret. Tr. v. Cerence Inc.*,
   2022 WL 1505907 (D. Mass. May 12, 2022) ................................................................10

*City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*,
   2022 WL 1459567 (N.D. Cal. May 9, 2022) .................................................................10

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
   586 F.3d 703 (9th Cir. 2009) .........................................................................................8

*In re EQT Corp. Sec. Litig.*,
   2022 WL 3293518 (W.D. Pa. Aug. 11, 2022) ..............................................................10

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) .......................................................................................6

*Hartel v. SelectQuote, Inc.*,
   2022 WL 4057445 (S.D.N.Y. Sept. 2, 2022) ..................................................................9

*Hessefort v. Super Micro Comput., Inc.*,
   317 F. Supp. 3d 1056 (N.D. Cal. 2018) .....................................................................6, 7

*Homyk v. ChemoCentryx, Inc.*,
   No. 4:21-cv-03343-JST, ECF No. 32 (N.D. Cal. Jan. 28, 2022) ...............................10

*In re Mattel, Inc. Sec. Litig.*,
   2021 WL 4704578 (C.D. Cal. Oct. 6, 2021) ................................................................10

*In re Myriad Genetics, Inc. Sec. Litig.*,
   2021 WL 5882259 (D. Utah Dec. 13, 2021) ................................................................10

*Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*,
    2022 WL 3571995 (N.D. Cal. July 26, 2022)......................................................................9, 10

*Rasella v. Musk*,
    2022 WL 4007614 (S.D.N.Y. Sept. 2, 2022)...........................................................................9

*Emps.' Ret. Fund of the City of Fort Worth v. James River Grp. Holdings, Ltd.*,
    No. 3:21-cv-0044-MHL, ECF No. 20 (E.D. Va. Sept. 22, 2021).........................................10

*City of Riviera Beach Gen. Emps.' Ret. Sys. v. Vertiv Holdings Co.*,
    No. 1:22-cv-03572-GHW, ECF No. 16 (S.D.N.Y. June 22, 2022) .......................................10

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
    2021 WL 1540996 (N.D. Cal. Apr. 20, 2021) ....................................................................9, 10

*Shenwick v. Twitter, Inc.*,
    2016 WL 10672428 (N.D. Cal. Dec. 22, 2016)......................................................................7

*UA Local 13 Pension Fund v. Bumble Inc.*,
    No. 1:22-cv-00624-DLC, ECF No. 36 (S.D.N.Y. Aug. 25, 2022) .....................................9, 10

*Yoshikawa v. Exxon Mobil Corp.*,
    No. 3:21-cv-00194-N, ECF No. 43 (N.D. Tex. June 10, 2021).............................................10

**STATUTES**

15 U.S.C. § 78u-4 *et seq.* ....................................................................................................... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4)...............................................................................................................7

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ................................8

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that at 2:00 p.m. on February 9, 2023, or on a date and at a time set by the Court, before the Honorable Haywood S. Gilliam, Jr. at the United States District Court for the Northern District of California, located at the Oakland Courthouse, 1301 Clay Street, Courtroom 2, 4th Floor, Oakland, California, Retail Wholesale Department Store Union ("RWDSU") Local 338 Retirement Fund, RWDSU Local 338 Health & Welfare Fund, RWDSU Local 338 General Fund, and RWDSU Local 338 Benefits Trust Fund (collectively, the "Local 338 Funds") will respectfully move this Court for entry of an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) appointing the Local 338 Funds as Lead Plaintiff in the above-captioned securities class action; (2) approving the Local 338 Funds' selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as Lead Counsel for the Class; and (3) granting any such further relief as the Court may deem just and proper.

This Motion is made on the grounds that the Local 338 Funds believe they are the "most adequate plaintiff" under the PSLRA and are therefore entitled to be appointed Lead Plaintiff. Specifically, the Local 338 Funds believe that they have the "largest financial interest" in the relief sought by the Class in this action by virtue of, among other things, the approximately $1.9 million in losses that they incurred on their investments in the Class A common stock of Stitch Fix, Inc. ("Stitch Fix" or the "Company").  The Local 338 Funds also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because their claims are typical of other Class members' claims and because they will fairly and adequately represent the interests of the Class.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Jonathan D. Uslaner filed herewith (the "Uslaner Decl."), the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, the Local 338 Funds respectfully request that the Court: (1) appoint them as Lead Plaintiff in this action pursuant to the PSLRA; (2) approve their selection of Bernstein

Litowitz to serve as Lead Counsel for the Class; and (3) grant any such further relief as the Court may deem just and proper.

**STATEMENT OF ISSUES**

1.    Whether the Local 338 Funds are the "most adequate plaintiff" pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).

2.    Whether to approve the Local 338 Funds' selection of counsel, Bernstein Litowitz, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    PRELIMINARY STATEMENT**

On August 26, 2022, the Local 338 Funds, through their counsel Bernstein Litowitz, filed the above-captioned securities class action on behalf of purchasers of Stitch Fix Class A common stock between December 8, 2020 and March 8, 2022, inclusive (the "Class Period").  This action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Stitch Fix, certain of the Company's current and former senior executives, and certain of the Company's controlling shareholders (collectively, "Defendants").  Specifically, the action alleges that, throughout the Class Period, Stitch Fix made numerous false and misleading statements to investors concerning the synergies between the Company's traditional subscription-based "Fix" model and its new retail-based "Freestyle" model, and repeatedly denied claims that the Freestyle business was cannibalizing the Company's legacy business line.  Stitch Fix investors, including the Local 338 Funds, incurred significant losses when Stitch Fix revealed poor financial results that it attributed to its "expansion into Freestyle," which caused the Company's Fix business to "experience short-term impacts of cannibalization," and disclosed that there was "friction" between the two businesses.

The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  Under the PSLRA, the most adequate plaintiff is the movant with the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a *prima facie* showing that it is a typical and adequate Class representative under Rule 23.  15 U.S.C.

§ 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, the Local 338 Funds are the "most adequate plaintiff" by virtue of, among other things, the approximately $1.9 million in losses they incurred on their purchases of more than 100,000 shares of Stitch Fix Class A common stock during the Class Period.[1]

In addition to asserting the largest financial interest, the Local 338 Funds readily satisfy the relevant requirements of Rule 23 because their claims are typical of those of all members of the Class and they will fairly and adequately represent the interests of the Class.  The Local 338 Funds are a paradigmatic Lead Plaintiff under the PSLRA because they are sophisticated institutional investors with a significant financial interest in the litigation, and have prior experience serving as a lead plaintiff in securities class action litigation and supervising the work of outside counsel.  Further, the Local 338 Funds fully understand the Lead Plaintiff's obligations to the Class under the PSLRA and they are willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action.  Indeed, the Local 338 Funds have already demonstrated their commitment and ability to effectively prosecute this action, including through their filing of the only complaint asserting these claims against Defendants.  Accordingly, the Local 338 Funds have both the incentive and ability to supervise and monitor counsel.

The Local 338 Funds have also demonstrated their adequacy through their selection of Bernstein Litowitz to serve as Lead Counsel for the Class.  Bernstein Litowitz is eminently qualified to prosecute this case and has extensive experience in securities fraud litigation, which will benefit the Class.

Based on the Local 338 Funds' financial interest in the outcome of this action, and their ability to oversee counsel, the Local 338 Funds respectfully request that the Court appoint them as Lead Plaintiff and otherwise grant their Motion.

---

[1] The Local 338 Funds' PSLRA-required Certification is attached to the complaint they filed in this action.  *See* ECF No. 1 at 17-21.  In addition, a chart providing calculations of the Local 338 Funds' losses is provided as Exhibit A to the Uslaner Decl.  All internal citations and quotations are omitted unless otherwise noted.

## II.   SUMMARY OF THE ACTION

Stitch Fix sells a range of apparel, shoes, and accessories through its website and mobile application.  Traditionally, Stitch Fix sold products as a "Fix" box, through which the customer would receive a monthly box of items chosen by a personal stylist.  The customer would not know specifically which items they were receiving but would have the option to return whichever items they did not want.

In December 2020, Stitch Fix launched the "Freestyle" program—a new, direct buy program where customers could choose from the outset which items to purchase.  In connection with that announcement, Stitch Fix touted the Freestyle program as a way to "expand our addressable market, deepen client engagement and grow wallet share over time."  The Company also stated that Freestyle would "serve as another catalyst as we attract new clients, convert prospective clients and reactivate lapsed clients."  The action alleges that, throughout the Class Period, Stitch Fix touted that the two programs were synergistic, and repeatedly denied claims that the Freestyle program was cannibalizing its legacy Fix business.

On December 7, 2021, however, Stitch Fix admitted for the first time that it experienced "short term cannibalization" from new customers who chose to use the new direct-buy Freestyle option rather than the traditional Fix option.  In addition, Stitch Fix announced a loss for its fiscal first quarter of 2021 and cut its full-year revenue projections.  As a result of these disclosures, the price of Stitch Fix stock declined by $5.97 per share, or 24%, from $24.97 per share to $19.00 per share.

Then, on March 8, 2022, Stitch Fix offered a weak outlook for its third quarter of 2022 and cut its revenue guidance for the full year.  In addition, Stitch Fix announced a self-inflicted friction between the Freestyle program and the Fix program.  Specifically, Stitch Fix explained that when customers visited stitchfix.com—the primary landing page for customers interested in the Fix— the Company directed them to the Freestyle experience first, and "therefore, in leading clients to the Freestyle experience first, [it] inadvertently created friction" for potential customers interested in ordering Fix.  As a result of these disclosures, the price of Stitch Fix stock declined by $0.67 per share, or 6%, from $11.01 per share to $10.34 per share.

1    **III.    ARGUMENT**

2    **A.      The Local 338 Funds Are The Most Adequate Plaintiff**

3          The Local 338 Funds respectfully submit that they are entitled to be appointed Lead

4    Plaintiff because they are the movant "most capable of adequately representing the interests of

5    class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth the procedure for selecting

6    the Lead Plaintiff in class actions arising under the federal securities laws and provides a

7    presumption in favor of the movant that has the "largest financial interest" in the relief sought by

8    the Class and satisfies the relevant requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I);

9    *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) ("The [PSLRA] provides a simple . .

10   . process for identifying the lead plaintiff pursuant to these criteria.").  As set forth below, the

11   Local 338 Funds believe they are the "most adequate plaintiff" and are entitled to be appointed as

12   Lead Plaintiff.

13             **1.      The Local 338 Funds' Motion Is Timely**

14         Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within

15   60 days of the publication of notice that the first action asserting substantially the same claims has

16   been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  On August 26, 2022, the Local 338 Funds filed

17   the above-captioned securities class action in this District, asserting claims for violations of

18   Sections 10(b) and 20(a) of the Exchange Act against Defendants.  That same day, counsel for the

19   Local 338 Funds, Bernstein Litowitz, published a notice on *Business Wire* alerting investors to the

20   pendency of the action and informing them of the 60-day deadline to seek appointment as Lead

21   Plaintiff, which is October 25, 2022.  *See* ECF No. 8-1.  Accordingly, the Local 338 Funds' motion

22   is timely.

23             **2.      The Local 338 Funds Have The Largest Financial Interest In The Relief**
24             **Sought By The Class**

25         The Local 338 Funds are entitled to be appointed Lead Plaintiff because they have the

26   largest financial interest in the relief sought by the Class.  *See* 15 U.S.C. § 78u-

27   4(a)(3)(B)(iii)(I)(bb).  As demonstrated herein, the Local 338 Funds suffered losses of

28   approximately $1.9 million on their Class Period purchases of Stitch Fix Class A common stock.

---

1   *See* ECF No. 1 at 17-21; Uslaner Decl., Ex. A.  To the best of the Local 338 Funds' knowledge,

2   there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in

3   this litigation.  Accordingly, the Local 338 Funds have the largest financial interest of any qualified

4   movant seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff."  15 U.S.C.

5   § 78u-4(a)(3)(B)(iii).

6   **3.      The Local 338 Funds Otherwise Satisfy The Requirements Of Rule 23**

7   In addition to possessing the largest financial interest in the outcome of the litigation, the

8   Local 338 Funds otherwise satisfy the requirements of Rule 23.  *See* 15 U.S.C. § 78u-

9   4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, a movant "need only make a prima

10  facie showing of its typicality and adequacy."  *Hessefort v. Super Micro Comput., Inc.*, 317 F.

11  Supp. 3d 1056, 1060-61 (N.D. Cal. 2018).  As detailed below, the Local 338 Funds satisfy these

12  requirements.

13  The Local 338 Funds' claims are typical of the claims of other purchasers of Stitch Fix

14  Class A common stock.  "The test of typicality is whether other members have the same or similar

15  injury, whether the action is based on conduct which is not unique to the named plaintiffs, and

16  whether other class members have been injured by the same course of conduct."  *Id.* at 1061; *see*

17  *also Ali v. Intel Corp.*, 2018 WL 2412111, at *3 (N.D. Cal. May 29, 2018) (typicality satisfied

18  where proposed lead plaintiff's "claims arise out of the same events and are based on the same

19  legal theories as the claims of other class members") (citing *Hanlon v. Chrysler Corp.*, 150 F.3d

20  1011, 1020 (9th Cir. 1998) ("[R]epresentative claims are 'typical' if they are reasonably co-

21  extensive with those of absent class members; they need not be substantially identical.")).  Here,

22  the Local 338 Funds and all other Class members suffered the same injuries, their claims arise

23  from the same course of events, and their legal arguments to prove Defendants' liability are nearly

24  identical.  Like all other Class members, the Local 338 Funds (1) purchased Stitch Fix Class A

25  common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants'

26  materially false and misleading statements and/or omissions, and (3) were harmed when the truth

27  was revealed.  *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,

28  2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality requirement met when

proposed lead plaintiff "purchased [defendant corporation] common stock during the Class Period, allegedly in reliance upon Defendants' purported false and misleading statements, and alleged suffered damages as a result"). As such, the Local 338 Funds are a typical Class representative.

The Local 338 Funds similarly satisfy the adequacy requirement of Rule 23. Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The test for adequacy is whether the class representative and [its] counsel have any conflicts of interest with other class members and whether the class representative and [its] counsel will prosecute the action vigorously on behalf of the class." *Super Micro Comput.*, 317 F. Supp. 3d at 1061. The Local 338 Funds satisfy these elements because their substantial financial stake in the litigation provides the incentive to vigorously represent the Class's claims. The Local 338 Funds' interests are aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between the Local 338 Funds and other members of the Class.

Further, a member of the Local 338 Funds has experience serving as a lead plaintiff in a securities class action and supervising the work of outside counsel. RWDSU Local 338 Retirement Fund served as lead plaintiff in *Cement & Concrete Workers District Council Pension Fund v. Hewlett Packard Co.*, No. 12-cv-4115 (N.D. Cal.), and, with Bernstein Litowitz as counsel, filed the only class action complaint on behalf of investors in Synchrony Financial, captioned *Retail Wholesale Department Store Union Local 338 Retirement Fund v. Synchrony Financial*, No. 18-cv-1818 (D. Conn.). Based on this prior experience, the Local 338 Funds fully understand the Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel, and have submitted a sworn Certification as to their willingness and ability to fulfill those duties. *See* ECF No. 1 at 17-21.

In addition, the Local 338 Funds—sophisticated institutional investors responsible for managing approximately $500 million in assets—are exactly the type of investors that Congress sought to empower, through the enactment of the PSLRA, to lead securities class actions. *See Shenwick v. Twitter, Inc.*, 2016 WL 10672428, at *2 (N.D. Cal. Dec. 22, 2016) ("Congress intended

that the lead plaintiff provision would encourage institutional investors to take a more active role in securities class action lawsuits."); H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").  As such, the Local 338 Funds possess the experience and resources to vigorously litigate the action and supervise Lead Counsel.

The Local 338 Funds' adequacy is also demonstrated by the fact that they have already taken measures to protect the interests of the Class and ensure that the claims are vigorously and effectively prosecuted.  Most notably, the Local 338 Funds, with their counsel, Bernstein Litowitz, filed the only complaint asserting these claims against Defendants, and initiated the process for investors to seek appointment as Lead Plaintiff.

Finally, the Local 338 Funds have demonstrated their adequacy through their selection of Bernstein Litowitz to serve as Lead Counsel to represent the Class.  As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively. Accordingly, the Local 338 Funds satisfy the typicality and adequacy requirements of Rule 23.

## B.    The Local 338 Funds Selected Well-Qualified Lead Counsel To Represent The Class

Pursuant to the PSLRA, a movant shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent, and the court should not disturb that selection unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").

Bernstein Litowitz is among the preeminent securities class action law firms in the country. *See* Bernstein Litowitz's Firm Résumé, Uslaner Decl., Ex. B.  Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which settlements totaling more than $6 billion—the second-largest recovery in securities class action history—were obtained for the class.  Bernstein Litowitz also secured a resolution of $2.43 billion for the class in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-

md-2058 (S.D.N.Y.), a $1.06 billion recovery for the class in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), and a $730 million settlement on behalf of the class in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522 (S.D.N.Y.).

Significant examples in which courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re McKesson HBOC, Inc. Securities Litigation*, No. 99-cv-20743 (N.D. Cal.) (recovering $1.05 billion for investors, the largest recovery ever in a securities class action in this District); *Hefler v. Wells Fargo & Company*, No. 16-cv-5479 (N.D. Cal.) (recovering $480 million for investors); *In re 3Com Corp. Securities Litigation*, No. 97-cv-21083 (N.D. Cal.) (recovering $259 million for investors); *In re Maxim Integrated Products, Inc. Securities Litigation*, No. 08-cv-832 (N.D. Cal.) (recovering $173 million for investors); *In re Wells Fargo Mortgage-Backed Certificates Litigation*, No. 09-cv-1376 (N.D. Cal.) (recovering $125 million for investors); *In re RH, Inc. Securities Litigation*, No. 17-cv-554 (N.D. Cal.) (recovering $50 million for investors); and *In re Clarent Corp. Securities Litigation*, No. 01-cv-3361 (N.D. Cal.) (conducting a four-week trial and obtaining a favorable jury verdict finding the CEO and former auditor of the defendant company liable, leading to a recovery of millions of dollars for investors).[2]

---

[2] Separately, the Local 338 Funds bring to the Court's attention an order issued by a different court in this District in an unrelated action where Bernstein Litowitz served as lead counsel for lead plaintiff SEB Investment Management AB, and class counsel for the certified class. *See SEB Inv. Mgmt. AB v. Symantec Corp.*, 2021 WL 1540996, at *1 (N.D. Cal. Apr. 20, 2021) (Uslaner Decl., Ex. C). Counsel for an unsuccessful lead plaintiff movant raised questions about Bernstein Litowitz's hiring of a former employee of the lead plaintiff. Following discovery and extensive briefing, the court allowed Bernstein Litowitz to continue as class counsel. *See id.* at *1-2. The court nevertheless ordered Bernstein Litowitz to bring the order to the attention of the court when seeking appointment as class counsel, and also to the decision maker for the proposed lead plaintiff who selects class counsel. *See id.* at *2. Importantly, the *Symantec* court recently granted final approval of a $70 million settlement achieved by SEB Investment Management AB and Bernstein Litowitz. In addition, courts have repeatedly approved Bernstein Litowitz as lead counsel in securities class actions after being apprised of the *Symantec* order. *See Hartel v. SelectQuote, Inc.*, 2022 WL 4057445, at *3 (S.D.N.Y. Sept. 2, 2022); *Rasella v. Musk*, 2022 WL 4007614, at *7 (S.D.N.Y. Sept. 2, 2022) (citing Bernstein Litowitz's "extensive experience serving as lead counsel in securities class actions" and approving them to serve as lead counsel); Case Management Order, *UA Local 13 Pension Fund v. Bumble Inc.*, No. 1:22-cv-00624-DLC, ECF No. 36 at 1 (S.D.N.Y. Aug. 25, 2022) (Uslaner Decl., Ex. D); *Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, 2022 WL 3571995, at *5 (N.D. Cal. July 26, 2022) (noting Bernstein Litowitz's

---

Thus, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation.

## **CONCLUSION**

For the reasons discussed above, the Local 338 Funds respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of Bernstein Litowitz as Lead Counsel for the Class, and grant any such further relief as the Court may deem just and proper.

Dated:  October 25, 2022                    Respectfully submitted,

                                  **BERNSTEIN LITOWITZ BERGER**
                                  **& GROSSMANN LLP**

                                  */s/ Jonathan D. Uslaner*
                                  JONATHAN D. USLANER (Bar No. 256898)
                                  (jonathanu@blbglaw.com)
                                  2121 Avenue of the Stars, Suite 2575
                                  Los Angeles, CA 90067
                                  Tel:    (310) 819-3470

---

"significant experience" and approving them as "reasonable" choice to serve as lead counsel); Order Appointing the Public Pension Funds as Lead Plaintiff and Approving Their Selection of Lead Counsel, *City of Riviera Beach Gen. Emps.' Ret. Sys. v. Vertiv Holdings Co.*, No. 1:22-cv-03572-GHW, ECF No. 16 at 2 (S.D.N.Y. June 22, 2022) (Uslaner Decl., Ex. E); *Bricklayers' & Allied Craftworkers Loc. #2 Albany v. New Oriental Educ. & Tech. Grp. Inc.*, 2022 WL 1515451, at *5 (S.D.N.Y. May 13, 2022) ("The Court is persuaded that Bernstein Litowitz can capably represent the class here, given the firm's experience in litigating class action lawsuits."); *City of Miami Firefighters' & Police Officers' Ret. Tr. v. Cerence Inc.*, 2022 WL 1505907, at *2 (D. Mass. May 12, 2022); Order Granting Motion to Consolidate, Appointing Lead Plaintiff, and Approving Selection of Counsel, *Homyk v. ChemoCentryx, Inc.*, No. 4:21-cv-03343-JST, ECF No. 32 at 6 (N.D. Cal. Jan. 28, 2022) ("The Court finds [lead plaintiff's] choice of lead counsel to be reasonable, and thus approves it.") (Uslaner Decl., Ex. F); Stipulation and Order Appointing IBEW Local 353 Pension Plan and Xiaobin Cai as Lead Plaintiff, Approving Their Selection of Lead Counsel, and Consolidating Actions, *Chung v. Eargo, Inc.*, No. 3:21-cv-08597-CRB, ECF No. 36 (N.D. Cal. Jan. 5, 2022) (Uslaner Decl., Ex. G); Order, *Emps.' Ret. Fund of the City of Fort Worth v. James River Grp. Holdings, Ltd.*, No. 3:21-cv-0044-MHL, ECF No. 20 (E.D. Va. Sept. 22, 2021) (Uslaner Decl., Ex. H); Order, *Yoshikawa v. Exxon Mobil Corp.*, No. 3:21-cv-00194-N, ECF No. 43 at 3 (N.D. Tex. June 10, 2021) (finding that "the requirements of Rule 23" were 'satisf[ied]") (Uslaner Decl., Ex. I).  Bernstein Litowitz was also recently appointed class counsel in *Allegheny County Employees' Retirement System v. Energy Transfer LP*, 2022 WL 3597200, at *25 (E.D. Pa. Aug. 23, 2022), *In re EQT Corporation Securities Litigation*, 2022 WL 3293518, at *29 (W.D. Pa. Aug. 11, 2022), *City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, 2022 WL 1459567, at *5 (N.D. Cal. May 9, 2022), *In re Myriad Genetics, Inc. Securities Litigation*, 2021 WL 5882259, at *13 (D. Utah Dec. 13, 2021), and *In re Mattel, Inc. Securities Litigation*, 2021 WL 4704578, at *7 (C.D. Cal. Oct. 6, 2021), after those courts were informed of the *Symantec* order.

---

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-and-

AVI JOSEFSON
(avi@blbglaw.com)
SCOTT R. FOGLIETTA
(scott.foglietta@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel:      (212) 554-1400
Fax:      (212) 554-1444

*Counsel for Proposed Lead Plaintiff Retail
Wholesale Department Store Union Local 338
Retirement Fund, Retail Wholesale Department
Store Union Local 338 Health & Welfare Fund,
Retail Wholesale Department Store Union Local
338 General Fund, and Retail Wholesale
Department Store Union Local 338 Benefits Trust
Fund*

1

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470