**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3470

*Counsel for Proposed Lead Plaintiff Retail Wholesale Department Store Union Local 338 Retirement Fund, Retail Wholesale Department Store Union Local 338 Health & Welfare Fund, Retail Wholesale Department Store Union Local 338 General Fund, and Retail Wholesale Department Store Union Local 338 Benefits Trust Fund*

[Additional counsel appear on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 RETIREMENT FUND, RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 HEALTH & WELFARE FUND, RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 GENERAL FUND, and RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 BENEFITS TRUST FUND, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STITCH FIX INC., KATRINA LAKE, ELIZABETH SPAULDING, STEVEN ANDERSON II, BASELINE VENTURES LLC, BASELINE VENTURES 2009 LLC, BASELINE INCREASED EXPOSURE FUND, LLC, BASELINE CABLE CAR, LLC, and BASELINE ENCORE, L.P.,<br><br>Defendants. | Case No. 4:22-cv-4893-HSG<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 RETIREMENT FUND, RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 HEALTH & WELFARE FUND, RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 GENERAL FUND, AND RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 BENEFITS TRUST FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO THE COMPETING MOTION**<br><br>Date: January 5, 2023<br>Time: 2:00 p.m.<br>Dept.: Courtroom 2, 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

BRIEF IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 4:22-cv-4893-HSG

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ....................................................................................................... ii

I.    PRELIMINARY STATEMENT ...................................................................................... 1

II.    ARGUMENT .................................................................................................................. 2

      A.    The Local 338 Funds Are The Most Adequate Plaintiff ............................................................................................................. 2

           1.    The Local 338 Funds Have The Largest Financial Interest ................................................................................... 2

           2.    The Local 338 Funds Otherwise Satisfy The Requirements Of Rule 23 .............................................................. 4

      B.    The Local 338 Funds' Selection of Lead Counsel Should Be Approved ............................................................................. 6

      C.    The Competing Motion Should Be Denied ................................................................ 7

III.    CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

**CASES**                                                                       **PAGE(S)**

*Bodri v. GoPro, Inc.*,
    2016 WL 1718217 (N.D. Cal. Apr. 28, 2016) ............................................................3

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ...............................................................2, 3, 7

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
    2013 WL 2368059 (N.D. Cal. May 29, 2013) ............................................................4

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
    586 F.3d 703 (9th Cir. 2009) ............................................................6

*Faris v. Longtop Fin. Techs. Ltd.*,
    2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) ............................................................7

*Hessefort v. Super Micro Comput., Inc.*,
    317 F. Supp. 3d 1056 (N.D. Cal. 2018) ............................................................2, 3

*Nicolow v. Hewlett Packard Co.*,
    2013 WL 792642 (N.D. Cal. Mar. 4, 2013)............................................................3

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(A)(i)(II)............................................................1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)............................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)............................................................2, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ............................................................5

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................6

Presumptive Lead Plaintiff the Local 338 Funds respectfully submit this memorandum of points and authorities in further support of their motion for appointment as Lead Plaintiff and approval of their selection of Lead Counsel (*see* ECF No. 26), and in opposition to the competing motion (*see* ECF No. 19).[1]

## I.    PRELIMINARY STATEMENT

On August 26, 2022, the Local 338 Funds, through their counsel Bernstein Litowitz, filed the above-captioned securities class action on behalf of Stitch Fix investors.  Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  On October 25, 2022, the Local 338 Funds filed a timely motion seeking appointment as Lead Plaintiff.  In addition to the Local 338 Funds' motion, that same day, motions seeking appointment as Lead Plaintiff were also filed by New Mexico State Investment Council ("New Mexico") (*see* ECF No. 19), and Dax Billcheck (*see* ECF No. 16).  On November 8, 2022, Mr. Billcheck withdrew his motion for appointment as Lead Plaintiff.  *See* ECF No. 32.

The Local 338 Funds are the "most adequate plaintiff" under the PSLRA because they have the "largest financial interest" in the Stitch Fix securities litigation and satisfy the typicality and adequacy requirements of Rule 23.  Indeed, the Local 338 Funds' loss of more than $1.9 million is *over 45%* larger than the loss incurred by New Mexico, the movant with the next largest loss.[2] *Compare* ECF No. 26-2 *and* Suppl. Uslaner Decl., Ex. A.

Pursuant to the PSLRA, there is a strong presumption that the Local 338 Funds are the "most adequate plaintiff" because they have the largest financial interest in the litigation and have

---

[1] All capitalized terms are defined in the Local 338 Funds' opening brief, unless otherwise indicated.  *See* ECF No. 26.  All internal quotations and citations are omitted and all emphasis is added, unless noted.

[2] Because New Mexico failed to provide a calculation of its losses, the Local 338 Funds' counsel calculated New Mexico's losses using the transactions reported in New Mexico's certification under the statutory formula set forth in the PSLRA.  *See* ECF No. 19-2.  A chart of New Mexico's transactions and losses, prepared by the Local 338 Funds' counsel, is attached as Exhibit A to the Supplemental Declaration of Jonathan D. Uslaner ("Suppl. Uslaner Decl."), filed herewith.

made a *prima facie* showing of their typicality and adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "***upon proof***" that the Local 338 Funds are atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, there are no facts, let alone any "proof," suggesting that the Local 338 Funds are somehow unfit to represent the Class. To the contrary, the Local 338 Funds are sophisticated institutional investors that oversee approximately $500 million in assets, and have more than adequate resources available to devote to this litigation. The Local 338 Funds are also the only Stitch Fix investors that took the initiative to develop and file a lawsuit to recover the losses caused by the Defendants' alleged violations of the federal securities laws. In addition, one of the Local 338 Funds has experience serving as a lead plaintiff in a securities class action and supervising the work of outside counsel. *See* ECF No. 26 at 7.

Accordingly, the Local 338 Funds should be appointed Lead Plaintiff and their motion should otherwise be granted.

## II.     ARGUMENT

### A.     The Local 338 Funds Are The Most Adequate Plaintiff

The PSLRA creates a strong presumption that the Lead Plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018). Once this presumption attaches, it can only be rebutted "upon proof" that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) (explaining that the PSLRA's presumption is triggered even if the district court believes another movant may be "more typical or more adequate. . . . [or] would do a better job").

#### 1.     The Local 338 Funds Have The Largest Financial Interest

The Local 338 Funds have, by far, the largest financial interest in the relief sought by the Class. Consistent with Ninth Circuit precedent, courts in this District equate a movant's financial

interest in the litigation with its financial loss.  *See, e.g.*, *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [it] is entitled to lead plaintiff status . . . ."); *Super Micro Comput.*, 317 F. Supp. 3d at 1059 ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure.").  Even New Mexico acknowledged that loss is the most appropriate factor to consider when assessing financial interest at the lead plaintiff appointment stage.  *See* ECF No. 19 at 7 & n.3 (asserting its financial interest in terms of loss and providing statutory formula for calculating losses).  Further, "[w]hile '[t]he Ninth Circuit has declined to endorse a particular method' to determine which party has the greatest financial stake, '[t]he weight of authority puts the most emphasis on the competing movants' estimated losses, using a last in, first out (LIFO) methodology.'" *Bodri v. GoPro, Inc.*, 2016 WL 1718217, at *3 (N.D. Cal. Apr. 28, 2016) (quoting *Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013)).

Here, the Local 338 Funds incurred a loss of over $1.9 million on their investments in Stitch Fix Class A common stock.  *See* ECF No. 26-2.  In contrast, New Mexico suffered a loss of just $1.3 million.[3]  *See* Suppl. Uslaner Decl., Ex. A.  As a result, there is no debate that the Local 338 Funds assert the greatest financial loss, and therefore have the greatest financial interest in the

---

[3] While New Mexico states that it "believes that it has the largest financial interest in the outcome of this litigation" (ECF No. 19 at 7), it provides no quantification of its financial interest, or calculation of its losses.  No evidence was provided to explain how New Mexico's financial interest is larger than that of the Local 338 Funds.  Notably, the Local 338 Funds' transactions in Stitch Fix Class A common stock have been public since August 26, 2022, when the Local 338 Funds filed the initial complaint in this action.  *See* ECF No. 1 at 17-21.  Accordingly, New Mexico has known for two months that the Local 338 Funds' financial interest, based on their loss of over $1.9 million, is much greater than that of New Mexico.

relief sought by the Class.  As demonstrated by the chart below, the Local 338 Funds' loss is over 45% greater than the loss asserted by New Mexico.

### 2.    The Local 338 Funds Otherwise Satisfy The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the Local 338 Funds otherwise satisfy the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  To overcome the strong presumption entitling the Local 338 Funds to appointment as Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  No such proof exists in this case, and there can be no credible arguments to the contrary.

As demonstrated in their opening brief, the Local 338 Funds are a typical Class representative.  *See* ECF No. 26 at 6-7.  Here, like all other Class members, the Local 338 Funds (1) purchased Stitch Fix Class A common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were harmed when the truth was revealed.  *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013).  Indeed, all three movants agree that the harm to Stitch Fix investors was caused by two disclosures of the alleged fraud.  First, on December 7, 2021, Stitch Fix revealed a loss for the first quarter of 2022, cut its full-year revenue projections, and admitted for the first time that the expansion of its Freestyle program may create "short-term cannibalization" of its existing Fix program, causing the price of Stitch Fix Class A common stock to decline by $5.97 per share, or 24%.  *See* ECF Nos. 16 at 3; 19 at 5; 26 at 4.  Then, on March 8, 2022, Stitch Fix revealed that the cannibalization of

its Fix program was at least self-inflicted, as the Company claims they inadvertently sent website visitors seeking the Fix program to the Freestyle site, causing the price of Stitch Fix Class A common stock to decline by $0.67, or 6%. *See* ECF Nos. 16 at 4; 19 at 5; 26 at 4. All investors who purchased Stitch Fix Class A common stock during the Class Period and held that stock on December 7, 2021, or March 8, 2022, were harmed by the alleged fraud. The Local 338 Funds are a typical Class representative because they purchased a significant number of shares of Stitch Fix Class A common stock during the Class Period and incurred losses on those shares caused by the disclosure of the alleged fraud.

The Local 338 Funds also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). As demonstrated in their opening brief, the Local 338 Funds are sophisticated institutional investors with experience serving as a lead plaintiff and overseeing counsel in the context of complex securities class actions. *See* ECF No. 26 at 7-8. Moreover, the Local 338 Funds have a substantial stake in the litigation, providing the incentive to vigorously represent the Class's claims. The Local 338 Funds understand and accept the duties and responsibilities of the Lead Plaintiff owed to other Class members to monitor the prosecution of this action in the best interests of the Class. *See* ECF Nos. 1 at 17-21; 26 at 7.

Further, there is no conflict between the Local 338 Funds' interests and those of the other Class members. To the contrary, the interests of the Local 338 Funds and other Class members are directly aligned because all suffered damages from their purchases of Stitch Fix Class A common stock at prices that were artificially inflated by Defendants' misconduct. As discussed above, the Local 338 Funds clearly have a sufficient interest to ensure the vigorous prosecution of this litigation, and resources to prosecute this action efficiently and in the best interests of the Class. In addition, one of the Local 338 Funds, RWDSU Local 338 Retirement Fund, has experience serving as a lead plaintiff in a securities class action and supervising the work of outside

counsel.  *See* ECF No. 26 at 7.[4]  Thus, the Local 338 Funds have both the incentive and ability to supervise and monitor counsel.

The Local 338 Funds have also demonstrated their adequacy by taking the initiative to develop these claims and file the only complaint asserting these claims on behalf of the Class, therefore preserving the claims of the Class and triggering the Lead Plaintiff process.  The Local 338 Funds have further demonstrated their adequacy through their selection of Bernstein Litowitz—counsel that is highly capable and experienced in prosecuting securities class actions and managing complex litigation efficiently—to serve as Lead Counsel for the Class.

Accordingly, because the Local 338 Funds have the largest financial interest in the relief sought by the Class and otherwise satisfy the requirements of Rule 23, the Local 338 Funds are the most adequate plaintiff under the PSLRA and the Court should appoint them as Lead Plaintiff.

**B.** **The Local 338 Funds' Selection of Lead Counsel Should Be Approved**

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  In making this determination, the PSLRA provides that the Lead Plaintiff's choice of counsel should not be disturbed unless it is necessary to protect the interests of the class.  *See Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").

Here, the Local 338 Funds selected Bernstein Litowitz as Lead Counsel for the Class.  Bernstein Litowitz is among the preeminent class action law firms in the country and has recovered over $37 billion for investors in securities class actions.  *See* ECF Nos. 26 at 8-9; 26-3.  Bernstein Litowitz has significant experience successfully prosecuting federal securities class actions and is eminently qualified to represent the Class in this action.  For example, Bernstein Litowitz recovered $1.05 billion for investors in *In re McKesson HBOC, Inc. Securities Litigation*, No. 99-

---

[4]  Indeed, all of the Local 338 Funds are overseen by the same chairman, who signed the certification on behalf of the Local 338 Funds.  *See* ECF No. 1 at 17-21.  In addition, over 89% of the Local 338 Funds' loss was incurred by the RWDSU Local 338 Retirement Fund, which alone suffered a loss of over $1.7 million (*see* ECF No. 26-2)—a loss that exceeds that of New Mexico.

cv-20743 (N.D. Cal.), which is the largest securities class action settlement ever achieved in the Ninth Circuit. Bernstein Litowitz also recovered $480 million for investors in *Hefler v. Wells Fargo & Company*, No. 16-cv-5479 (N.D. Cal.).[5] Accordingly, the Local 338 Funds' selection of Lead Counsel should be approved.

**C.      The Competing Motion Should Be Denied**

Because the Local 338 Funds have met all of the requirements for appointment as Lead Plaintiff, the Court need not consider the competing motion. *See Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical."); *see also Faris v. Longtop Fin. Techs. Ltd.*, 2011 WL 4597553, at *8 (S.D.N.Y. Oct. 4, 2011) ("[T]he inquiry can stop here, now that the Court has determined [which movant] has the largest financial interest and is otherwise typical and adequate.").

**III.      CONCLUSION**

For the reasons discussed above and in their opening motion, the Local 338 Funds respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of Bernstein Litowitz as Lead Counsel for the Class, and grant any such further relief as the Court may deem just and proper.

Dated:  November 8, 2022               Respectfully submitted,

                                       **BERNSTEIN LITOWITZ BERGER**
                                         **& GROSSMANN LLP**

                                       */s/ Jonathan D. Uslaner*
                                       JONATHAN D. USLANER (Bar No. 256898)
                                       (jonathanu@blbglaw.com)
                                       2121 Avenue of the Stars, Suite 2575
                                       Los Angeles, CA 90067
                                       Tel:    (310) 819-3470

---

[5] Bernstein Litowitz also secured recoveries of over $6 billion for the class in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), $2.43 billion for the class in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), and $1.06 billion for the class in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), among others.

-and-

AVI JOSEFSON
(avi@blbglaw.com)
SCOTT R. FOGLIETTA
(scott.foglietta@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel:    (212) 554-1400
Fax:    (212) 554-1444

*Counsel for Proposed Lead Plaintiff Retail Wholesale Department Store Union Local 338 Retirement Fund, Retail Wholesale Department Store Union Local 338 Health & Welfare Fund, Retail Wholesale Department Store Union Local 338 General Fund, and Retail Wholesale Department Store Union Local 338 Benefits Trust Fund*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP

/s/ Jonathan D. Uslaner
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3470

BRIEF IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 4:22-cv-4893-HSG