COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
BRETT H. DE JARNETTE (292919) (bdejarnette@cooley.com)
JANELLE M. FERNANDES (322217) (jfernandes@cooley.com)
AMIE L. SIMMONS (336356) (asimmons@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:     (650) 843-5000
Facsimile:      (650) 849-7400

Attorneys for Defendants
STITCH FIX, INC., KATRINA LAKE, and ELIZABETH
SPAULDING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 RETIREMENT FUND, RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 HEALTH & WELFARE FUND, RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 GENERAL FUND, and RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 BENEFITS TRUST FUND, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>STITCH FIX, INC., KATRINA LAKE, and ELIZABETH SPAULDING,<br><br>        Defendants. | Case No. 4:22-cv-04893-PCP<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Date:      April 18, 2023<br>Time:     10:00 a.m.<br>Dept:     Courtroom 8, 4th Floor<br>Judge:   Hon. P. Casey Pitts<br><br>Trial Date: Not Yet Set<br>Date Action Filed: August 26, 2022 |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

DEFS.' RJN ISO MOTION TO DISMISS
AMENDED COMPLAINT
4:22-CV-04893-PCP

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT .................................................................................................... 1

    A.    The Court Should Consider Documents Incorporated by Reference into the Complaint (Exs. 2, 4-5, 7-29, and 31). ................................................. 2

        1.    The Documents Containing the Alleged False and Misleading Statements and Alleged Corrective Disclosures Are Incorporated by Reference into the Complaint (Exs. 9-14, 16-18, 20-22, 24, and 26). ........ 2

        2.    Exhibits 2, 4, 5, 7-8, 15, 19, 23, 29, and 31 Are Also Incorporated by Reference Because They Are Extensively Cited or Form the Basis of Plaintiffs' Claims. ................................................. 3

    B.    The Court May Also Take Judicial Notice of Exhibits 1, 3, 6, and 30. .................. 8

III.   CONCLUSION .............................................................................................. 8

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

-i-

**DEFS.' RJN ISO MOTION TO DISMISS
AMENDED COMPLAINT
4:22-cv-04893-PCP**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple Inc. Device Performance Litig.*,
386 F. Supp. 3d 1155 (N.D. Cal. 2019) .................................................................................. 3

*In re Apple Inc. Sec. Litig.*,
2020 WL 2857397 (N.D. Cal. June 2, 2020) .................................................................. 3, 6, 7

*In re Calpine Corp. Sec. Litig.*,
288 F. Supp. 2d 1054 (N.D. Cal. 2003) .................................................................................. 7

*In re Century Aluminum Co. Sec. Litig.*,
2011 WL 830174 (N.D. Cal. Mar. 3, 2011) ........................................................................... 7

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
2013 WL 6441843 (N.D. Cal. Dec. 9, 2013) .......................................................................... 7

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
880 F. Supp. 2d 1045 (N.D. Cal. 2012) .................................................................................. 7

*Dreiling v. Am. Express Co.*,
458 F.3d 942 (9th Cir. 2006) ............................................................................................... 6, 7

*In re Energy Recovery Inc. Sec. Litig.*,
2016 WL 324150 (N.D. Cal. Jan. 27, 2016) ........................................................................... 6

*In re Eventbrite, Inc. Sec. Litig.*,
2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ........................................................................ 2

*In re Facebook, Inc. Sec. Litig.*,
405 F. Supp. 3d 809 (N.D. Cal. 2019) .................................................................................... 7

*In re Fastly, Inc. Sec. Litig.*,
2021 WL 5494249 (N.D. Cal. Nov. 23, 2021) .................................................................... 2, 3

*Hampton v. Aqua Metals, Inc.*,
2020 WL 6710096 (N.D. Cal. Nov. 16, 2020) ....................................................................... 8

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ........................................................................................... 1, 2, 3

*Lamartina v. VMware, Inc.*,
2021 WL 4133851 (N.D. Cal. Sept. 10, 2021) ....................................................................... 7

**DEFS.' RJN ISO MOTION TO DISMISS
AMENDED COMPLAINT
4:22-cv-04893-PCP**

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

## TABLE OF AUTHORITIES
### (Cont.)

**Page(s)**

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
540 F.3d 1049 (9th Cir. 2008) ........................................................................................ 7

*MGIC Indem. Corp. v. Weisman*,
803 F.2d 500 (9th Cir. 1986) .......................................................................................... 6

*Mogensen v. Body Cent. Corp.*,
2013 WL 8290493 (M.D. Fla. Sept. 19, 2013) ............................................................... 8

*Mulquin v. Nektar Therapeutics*,
510 F. Supp. 3d 854 (N.D. Cal. 2020) ............................................................................ 4

*In re Netflix, Inc. Sec. Litig.*,
2005 WL 1562858 (N.D. Cal. June 28, 2005) ................................................................. 6

*In re NVIDIA Corp. Sec. Litig.*,
768 F.3d 1046 (9th Cir. 2014) ........................................................................................ 2

*Oklahoma Firefighters Pension & Ret. Sys. v. Ixia*,
2015 WL 1775221 (C.D. Cal. Apr. 14, 2015) ................................................................. 5

*Park v. GoPro, Inc.*,
2019 WL 1231175 (N.D. Cal. Mar. 15, 2019) ................................................................. 3

*In re Rackable Sys. Inc. Sec. Litig.*,
2010 WL 3447857 (N.D. Cal. Aug. 27, 2010) ................................................................. 7

*Ret. Sys. v. Sterling Fin. Corp.*,
963 F. Supp. 2d 1092 (E.D. Wash. 2013) ....................................................................... 2

*In re Salesforce.com Sec. Litig.*,
2005 WL 6327481 (N.D. Cal. Dec. 22, 2015) ................................................................. 7

*Sneed v. AcelRx Pharms., Inc.*,
2022 WL 4544721 (N.D. Cal. Sept. 28, 2022) ............................................................... 5

*In re SunPower Corp. Sec. Litig.*,
2018 WL 4904904 (N.D. Cal. Oct. 9, 2018) ................................................................... 4

*Tellabs v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ........................................................................................................ 1

*In re Tibco Software, Inc.*,
2006 WL 1469654 (N.D. Cal. May 25, 2006) ................................................................. 7

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

iii

**DEFS.' RJN ISO MOTION TO DISMISS
AMENDED COMPLAINT
4:22-cv-04893-PCP**

**TABLE OF AUTHORITIES**
(Cont.)

**Page(s)**

*United States v. Ritchie,*
342 F.3d 903 (9th Cir. 2003)........................................................................................ 2

*Von Saher v. Norton Simon Museum of Art at Pasadena,*
592 F.3d 954 (9th Cir. 2010)........................................................................................ 6

*Welgus v. TriNet Grp., Inc.,*
2017 WL 6466264 (N.D. Cal. Dec. 18, 2017) ............................................................ 6

*Wochos v. Tesla, Inc.,*
2019 WL 1332395 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir. 2021) ........................................................................................................................... 6

**Statutes**

Private Securities Litigation Reform Act.......................................................................... 1

Securities Exchange Act of 1934 Section 10(b) .......................................................... 1, 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..................................................................................................... 1

Fed. R. Evid.
201 .................................................................................................................*passim*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

**PLEASE TAKE NOTICE THAT** Defendants Stitch Fix, Inc. ("Stitch Fix" or the "Company"), Katrina Lake, and Elizabeth Spaulding (together with Stitch Fix, "Defendants") hereby request the Court consider under the incorporation by reference doctrine and/or take judicial notice of the exhibits identified below in support of their Motion to Dismiss the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Motion to Dismiss"). All exhibits are attached to the Declaration of Janelle M. Fernandes in Support of Defendants' Motion to Dismiss, filed concurrently herewith.[1]

## I.   INTRODUCTION

Defendants respectfully request that this Court incorporate by reference and/or take judicial notice of Exhibits 1-31, listed in **Appendix A** hereto, as they provide the Court with necessary context to determine whether Plaintiffs have adequately plead a securities fraud claim in their Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). As described in detail below, such exhibits either have been incorporated by reference into Plaintiffs' Complaint or are the proper subjects of judicial notice under Federal Rule of Evidence 201.

## II.   ARGUMENT

Before the Court is Defendants' Motion to Dismiss securities fraud claims under Section 10(b) of the Securities Exchange Act of 1934, governed by the Private Securities Litigation Reform Act ("PSLRA"). As the Supreme Court of the United States has mandated, in deciding motions to dismiss securities fraud claims under the PSLRA, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998, 1002 (9th Cir. 2018) (same). It is therefore appropriate— and required—for the Court to consider Exhibits 2, 4-5, 7-29, and 31, all of which have been

---

[1] All "¶" references are to paragraph numbers in the Amended Class Action Complaint for Violations of the Federal Securities Laws. (ECF No. 52.) All emphasis is added, unless otherwise noted.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1

**DEFS.' RJN ISO MOTION TO DISMISS AMENDED COMPLAINT 4:22-cv-04893-PCP**

incorporated by reference in the Complaint[2] as these documents are either extensively referenced in the Complaint or otherwise form the basis of Plaintiffs' claims.  The Court should also take judicial notice of Exhibits 1-31, which include Stitch Fix's press releases, filings with the Securities and Exchanges Commission ("SEC"), transcripts of earnings calls and investor presentations, and analyst reports, as they are all publicly available documents whose "accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).

      **A.    The Court Should Consider Documents Incorporated by Reference into the Complaint (Exs. 2, 4-5, 7-29, and 31).**

The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself." *Orexigen*, 899 F.3d at 1002.  A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Id*. (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties – and the Court – are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig*., 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (quoting *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp*., 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013)). The reason for this rule is well settled, "to prevent plaintiffs from highlighting only the portions of certain documents that support their claims, while omitting portions of those documents that weaken their claims." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020); *Orexigen*, 899 F.3d at 1002, 1003 ("[T]he incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs[.]"); *In re Fastly, Inc. Sec. Litig*., 2021 WL 5494249, at *5 (N.D. Cal. Nov. 23, 2021) (similar).  As discussed below, the Court should consider Exhibits 2, 4-5, 7-29, and 31 under the incorporation by reference doctrine.

      **1.    The Documents Containing the Alleged False and Misleading Statements and Alleged Corrective Disclosures Are Incorporated by Reference into the Complaint (Exs. 9-14, 16-18, 20-22, and 24-28).**

Plaintiffs claim that Defendants made false and misleading statements about how Direct Buy was "incremental," "complementary," and "additive" to Fix from December 2020 through

---

[2] In addition to being incorporated by reference, Exhibits 2, 4-5, 7-29, and 31 are also the proper subjects of judicial notice.  (*See infra*, at Section II.A.3.)

Cooley LLP
Attorneys at Law
Palo Alto

2

**Defs.' RJN ISO Motion to Dismiss
Amended Complaint
4:22-cv-04893-PCP**

September 2021, while failing to disclose internal tests showing Direct Buy "cannibaliz[ed]" Fix. (*See* ¶¶97-138.)  The sources of these alleged false or misleading statements, as well as the alleged corrective disclosures, unequivocally "form the basis of [Plaintiffs'] claims."  *See Orexigen*, 899 F.3d at 1004-05 (documents containing alleged misrepresentations and corrective disclosures form the basis of a Section 10(b) claim and are incorporated by reference into the complaint); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) (same); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (same).

The Complaint alleges that certain statements from Defendants' SEC filings (Exs. 9, 11, 13, 16, 18, 22) and transcripts of Stitch Fix's earnings calls and presentations at investor conferences (Exs. 10, 12, 14, 17, 20, 21) were false or misleading when made.  (¶¶98, 99, 100-103, 104-106, 114-116.)  Plaintiffs make clear that the statements in these exhibits are among the sources of Defendants' allegedly "materially false and misleading statements and omissions."  (¶97.)  As a result, these exhibits are incorporated by reference into the Complaint.  *See Orexigen*, 899 F.3d at 1004-05; *Apple*, 2020 WL 2857397, at *5; *GoPro, Inc.*, 2019 WL 1231175, at *6.

Plaintiffs also allege that quotes from Exhibits 24–28 "reveal[ed] part of the truth" about "Freestyle cannibalizing" Fix on December 7, 2021, March 8, 2022, and June 9, 2022.  (¶¶72-73.)  As such, Exhibits 24–28 form the basis of Plaintiffs' loss causation allegations and are properly incorporated by reference.

**2.      Exhibits 2, 4, 5, 7-8, 15, 19, 23, 29, and 31 Are Also Incorporated by Reference Because They Are Extensively Cited or Form the Basis of Plaintiffs' Claims.**

Exhibits 2, 4, 5, 7-8, 15, 19, 23, 29, and 31 are earnings call and conference transcripts, SEC filings, and analyst reports incorporated by reference into the Complaint because they are extensively referenced and/or form the basis of Plaintiffs' claims.  *Orexigen*, 899 F.3d at 1002-03. A single cite may be "extensive" if it is "relatively lengthy."  *Id.*; *Fastly*, 2021 WL 5494249, at *6-7 (finding documents referenced in the complaint only in a single paragraph as incorporated by reference).  In fact, even if a particular document is not explicitly referenced in the Complaint, it can be incorporated by reference if its "integral" to the Complaint.  *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1165 (N.D. Cal. 2019) ("[A] document may be

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

DEFS.' RJN ISO MOTION TO DISMISS
AMENDED COMPLAINT
4:22-cv-04893-PCP

incorporated even if it is never referenced directly in the complaint if the claim necessarily depended on the document."). Further, documents a plaintiff relies on to allege why challenged statements are misleading form the basis of a plaintiff's claims, and are therefore incorporated by reference. *See Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 863 (N.D. Cal. 2020) ("Given Plaintiffs' extensive reliance on this document to detail the bases for the alleged falsity in Defendants' statements, the Court finds it incorporated by reference.").

**Earnings Call and Conference Transcripts (Exhibits 2, 4, 5, and 7-8).** Plaintiffs extensively quote from the Company's earnings call and conference transcripts to purportedly substantiate the alleged falsity of Defendants' statements regarding the rollout and success of Direct Buy. (*See* ¶¶26-27, 31-33, 78, 80, 143-145, 148-150.) Plaintiffs also cite these transcripts to argue that Defendants acted with scienter in making their allegedly false and misleading statements. (¶141-144, 148-150, 174.) For example, Plaintiffs cite to Exhibit 7 to argue that "Defendant Spaulding confirmed that Direct Buy was not cannibalizing Fix customers," (¶32), and use these exhibits to substantiate claims that Defendants "tout[ed]" Direct Buy in the lead up to the class period. (*See e.g.*, ¶¶31-32.) Plaintiffs' claims are dependent on these transcripts as they build the foundation for Plaintiffs' narrative that Defendants knowingly made positive statements about Direct Buy, while concealing negative internal tests and "cannibalization." Accordingly, Exhibits 2, 4, 5 and 7-8 are therefore incorporated by reference.

**Stitch Fix's Forms 8-K (Exhibit 29).** Furthermore, Exhibit 29 – Defendant's announcement of Elizabeth Spaulding's resignation – is used to purportedly substantiate both the alleged falsity of Spaulding's statements regarding Direct Buy as well as Spaulding's scienter in resigning. (*See* ¶175.) Accordingly, Exhibit 29 forms the basis of Plaintiffs' claims and is incorporated by reference. *See In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (incorporating by reference exhibits used to support plaintiffs' scienter allegations).

**Stitch Fix's Schedule 14 Definitive Proxy Statement (Exhibit 23).** Additionally, Plaintiffs rely on Defendants' Schedule 14A Definitive Proxy Statement from November 4, 2021 to allege that Elizabeth Spaulding had motive to make allegedly false or misleading statements

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

DEFS.' RJN ISO MOTION TO DISMISS
AMENDED COMPLAINT
4:22-cv-04893-PCP

because she "stood to receive substantial performance-based compensation that created a strong incentive for her to grow Freestyle regardless of whether it was cannibalizing the Fix business." (¶173.)  As a specific, detailed basis for Plaintiffs' scienter allegations, Exhibit 23 is therefore incorporated by reference.

**Katrina Lake's Form 4 Statements of Beneficial Ownership Change During the Class Period (Exhibit 31).**  Plaintiffs' scienter allegations also rely on the theory that "Lake also capitalized on her materially false and misleading statements and omissions to investors by disposing of her personally-held shares at artificially inflated prices." (¶174.)  In their allegations, Plaintiffs cherry-pick Lake's transactions during the class period (*id.*), yet neglect to mention Lake's stock transactions in the 18 months preceding the class period.  Accordingly, because the transactions in Exhibit 31 form the basis of Plaintiffs' scienter claims, Exhibit 31 is incorporated by reference.  *See Oklahoma Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *15 (C.D. Cal. Apr. 14, 2015) (incorporating by reference defendant's Forms 4 used as the basis for plaintiffs' stock sale allegations); *Sneed v. AcelRx Pharms., Inc.*, 2022 WL 4544721, at *3 (N.D. Cal. Sept. 28, 2022) (finding Forms 4 incorporated by reference into complaint where plaintiffs alleged stock sales to support scienter).

**Analyst Reports (Exhibits 15 and 19).**  Plaintiffs quote Exhibit 15, a March 8, 2021 analyst report published by Deutsche Bank, and Exhibit 19, a June 8, 2021 analyst report published by J.P. Morgan, to purportedly substantiate the alleged falsity of Defendants' statements about Direct Buy and how Defendants' alleged failure to disclose cannibalization fraudulently inflated Stitch Fix's stock price.  (*See* ¶¶49-53, 57-59.)  Plaintiffs rely on Exhibit 15 to allege that, as of March 8, 2021, "analysts viewed the delay of the launch of Direct Buy to new customers as evidence that the Company was trying to get the product right, as opposed to a sign that something was very wrong." (¶53.)  On a similar note, Plaintiffs rely on Exhibit 19 to allege that, as of June 8, 2021, analysts were still responding "positively to Defendants' assurances and were comforted by Defendants' statements that the launch of Direct Buy to new customers was imminent." (¶59.)  Plaintiffs' use of Exhibits 15 and 19 to substantiate their claims makes them integral to the Complaint and therefore incorporated by reference.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5

DEFS.' RJN ISO MOTION TO DISMISS
AMENDED COMPLAINT
4:22-cv-04893-PCP

**3.    The Court May Also Take Judicial Notice of the Documents Incorporated by Reference into the Complaint (Exhibits 2, 4, 5, 7-29, and 31).**

As discussed above, Exhibits 2, 4, 5, 7-29, and 31 are properly incorporated by reference into the Complaint. (*See Supra*, Section II.A). The Court may also consider these exhibits because they are the proper subjects of judicial notice. Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned." Fed. R. Evid. 201(b)(2). Distinct from the doctrine of incorporation by reference, judicial notice extends to "matters of public record outside the pleadings." *In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Courts may take judicial notice of "publicly available financial documents such as SEC filings" and "publicly available articles or other news releases of which the market was aware." *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (courts may consider "any matter subject to judicial notice, such as SEC filings" on a motion to dismiss); *Apple,* 2020 WL 2857397, at *6.

**Earnings Calls and Conference Transcripts (Exhibits 2, 4, 5, 7-8, 10, 12, 14, 17, 20-21, 25, and 27-28).** The Court may take judicial notice of publicly available transcripts of earnings calls and conferences and presentations. *Wochos v. Tesla, Inc.*, 2019 WL 1332395 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir. 2021) (taking judicial notice of earnings calls); *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) (taking judicial notice of conference transcripts). Exhibits 2, 4, 5, 7-8, 10, 12, 14, 17, 20-21, 25, and 27-28 are transcripts of Stitch Fix's earnings calls and presentations at industry conferences, all of which are judicially noticeable. The Court may consider these documents under the judicial notice doctrine because they "indicate what was in the public realm at the time," including Defendants' publicly expressed beliefs. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

**SEC Filings (Exhibits 9, 11, 13, 16, 18, 22-24, 26, 29, 31).** Defendants seek judicial notice of Stitch Fix's SEC filings including its Form 10-K (Ex. 23), Forms 10-Q (Exs. 10, 16, 18), Forms

Cooley LLP
Attorneys at Law
Palo Alto

6

Defs.' RJN ISO Motion to Dismiss
Amended Complaint
4:22-cv-04893-PCP

8-K (Exs. 9, 13, 24, 26, 29), Schedule 14A Proxy Statement (Exhibit 23), and Forms 4 (Ex. 31). Judicial notice of these exhibits is proper as "[c]ourts routinely take judicial notice of SEC filings in securities cases where authenticity is not disputed because their accuracy cannot reasonably be questioned." *Apple*, 2020 WL 2857397, at *6; *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (noting that judicial notice of SEC filings is "proper"); *In re Rackable Sys. Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) ("SEC filings may be judicially noticed."); *Dreiling.*, 458 F.3d at 946 n.2 (noting SEC filings proper subject of judicial notice); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) (the court "may properly take judicial notice of SEC filings"); *In re Salesforce.com Sec. Litig.*, 2005 WL 6327481, at *3 (N.D. Cal. Dec. 22, 2015) (taking judicial notice of company's SEC filings); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 828-29 (N.D. Cal. 2019) (taking judicial notice of the defendant's SEC filings); *Lamartina v. VMware, Inc.*, 2021 WL 4133851, at *5 (N.D. Cal. Sept. 10, 2021); *In re Tibco Software, Inc.*, 2006 WL 1469654, at *17 (N.D. Cal. May 25, 2006) ("[A] court may take judicial notice of Forms 4 filed with the SEC, which are deemed incorporated by reference into a complaint when a plaintiff's allegations rely on a defendant's stock sales"); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) (taking judicial notice of the truth and contents of Form 4 where plaintiff's allegations of scienter relied on stock sales). Accordingly, the Court should take judicial notice of Exhibits 5, 9, 11, 13, 16, 18, 22-24, 26, 29, and 31.

**Analyst Reports (Exhibits 15 and 19).** Exhibits 15 and 19 are analyst reports, both of which are subject to judicial notice. Courts "routinely take judicial notice of analyst reports," not for the truth of the matter, but to determine what the market was aware of and "what was or was not discussed in the public realm." *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011); *Apple*, 2020 WL 2857397, at *6 (taking judicial notice of analyst reports for the purpose of showing "whether and when certain information was provided to the market"); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 6441843, at *5 (N.D. Cal. Dec. 9, 2013) (taking judicial notice of analyst reports).

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7

**B.      The Court May Also Take Judicial Notice of Exhibits 1, 3, 6, and 30.**

The Court may also consider Exhibits 1, 3, 6, and 30 because they are the proper subjects of judicial notice.

**SEC Filings (Exhibits 1, 6, and 30).**  Defendants seek judicial notice of Stitch Fix's Forms 8-K filed on October 1, 2019 and June 8, 2020, respectively (Exhibits 1 and 6). For the reasons stated under "SEC Filings" in Section II.A.3 above, judicial notice of these exhibits is proper. Additionally, Defendants seek judicial notice of Katrina Lake's Forms 4 filed between June 8, 2019 and December 7, 2020 (Exhibit 30).  Courts "may consider the [pre- and post-class period] Forms 4 at [the] motion to dismiss stage because they are subject to judicial notice under Rule 201." *Mogensen v. Body Cent. Corp.*, 2013 WL 8290493, at *5 (M.D. Fla. Sept. 19, 2013). Furthermore, [c]ourts routinely take judicial notice of Forms 4 when ruling on motions to dismiss where, as here, the plaintiff has put the defendant's trading history at issue." *Id.*; *see also Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020) ("The Form 4's are properly judicially noticed for their truth because they contain relevant information required for an assessment of the [complaint's] scienter allegations, and their authenticity is not in question."). Accordingly, the Court should take judicial notice of Exhibits 1, 6, and 30.

**Earnings Call Transcript (Exhibit 3).**  Defendants also seek judicial notice of the publicly available transcript of their December 9, 2019 earnings call (Exhibit 3).  As explained under "Earnings Call and Conference Transcripts" in Section II.A.3 above, the Court may take judicial notice of publicly available transcripts of earnings calls and conferences and presentations.  The Court should therefore take judicial notice of Exhibit 3.

**III.      CONCLUSION**

For the reasons stated above, Defendants respectfully ask that the Court take judicial notice of and/or find that the requested documents are incorporated into the Complaint.

Dated:    November 1, 2023                            COOLEY LLP

                                                      By:/s/ Patrick E. Gibbs
                                                            Patrick E. Gibbs

                                                      Attorneys for Defendants
                                                      STITCH FIX, INC., KATRINA LAKE, and
                                                      ELIZABETH SPAULDING

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8

DEFS.' RJN ISO MOTION TO DISMISS
AMENDED COMPLAINT
4:22-cv-04893-PCP

**Appendix A[3]**

| EX. | DESCRIPTION | BASIS | ¶¶ |
|---|---|---|---|
| 1 | Stitch Fix's Form 8-K Current Report and attached Earnings Release and Shareholder Letter for the quarter ended August 3, 2019, filed with the United States Securities and Exchange Commission ("SEC") on October 1, 2019. | JN | |
| 2 | Transcript of Stitch Fix's Q4 2019 Earnings Call, on October 1, 2019, published by S&P Global Market Intelligence. | IBR, JN | 26, 27 |
| 3 | Transcript of Stitch Fix's Q1 2020 Earnings Call on December 9, 2019, published by S&P Global Market Intelligence. | JN | |
| 4 | Transcript of Stitch Fix's presentation at the Goldman Sachs Internet & Technology Conference on February 11, 2020, published by S&P Global Market Intelligence. | IBR, JN | 31 |
| 5 | Transcript of Stitch Fix's Q2 2020 Earnings Call on March 9, 2020, published by S&P Global Market Intelligence. | IBR; JN | 31 |
| 6 | Stitch Fix's Form 8-K Current Report and attached Earnings Release and Shareholder Letter for the quarter ended May 2, 2020, filed with the United States Securities and Exchange Commission ("SEC") on June 8, 2020. | JN | |
| 7 | Transcript of Stitch Fix's Q3 2020 Earnings Call on June 8, 2020, published by S&P Global Market Intelligence. | IBR, JN | 32 |
| 8 | Transcript of Stitch Fix's Q4 2020 Earnings Call on September 22, 2020, published by S&P Global Market Intelligence. | IBR, JN | 33 |
| 9 | Stitch Fix's Form 8-K Current Report and attached Shareholder Letter for the quarter ended October 31, 2020, filed with the SEC on December 7, 2020. | IBR, JN | 34, 35, 98, 99, 105, 106 |
| 10 | Transcript of Stitch Fix's Q1 2021 Earnings Call on December 7, 2020, published by S&P Global Market Intelligence. | IBR, JN | 5, 34, 35, 36, 98, 99, 100, 101, 102, 103, 105, 106, 164 |
| 11 | Excerpt of Stitch Fix's Form 10-Q for the quarter ended October 31, 2020, filed with the SEC on December 8, 2020. | IBR, JN | 35, 104, 105, 106 |
| 12 | Transcript of Stitch Fix's presentation at the Goldman Sachs Internet & Technology Conference on February 10, 2021, published by S&P Global Market Intelligence. | IBR, JN | 38, 107, 108, 109, 110, 111, 112, 157, 165 |
| 13 | Stitch Fix's Form 8-K Current Report and attached Earnings Release and Shareholder Letter for the quarter ended January 30, 2021, filed with the SEC on March 8, 2021. | IBR, JN | 7, 49, 50, 113, 114, 115, 123 |

---

[3] "Exhibit" refers to the exhibits to the Declaration of Janelle M. Fernandes. "Basis" refers to the reason the document should be considered: either through incorporation by reference ("IBR") or judicial notice ("JN"). "¶¶" refers to the paragraphs of the Amended Complaint that cite or reference the document.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9

DEFS.' RJN ISO MOTION TO DISMISS
AMENDED COMPLAINT
4:22-cv-04893-PCP

| Ex. | Description | Basis | ¶¶ |
|---|---|---|---|
| 14 | Transcript of Stitch Fix's Q2 2021 Earnings Call on March 8, 2021, published by S&P Global Market Intelligence. | IBR, JN | 7, 49, 50, 51, 116, 117, 118, 119, 120, 121, 167, 174 |
| 15 | Analyst Report titled *One Size Too Big – SFIX misses top line, guides down; delays Act III; D/G to Hold*, published by Kunal Madhukar (Deutsche Bank) on March 8, 2021. | IBR, JN | 52 |
| 16 | Excerpt of Stitch Fix's Form 10-Q for the quarter ended January 30, 2021, filed with the SEC on March 9, 2021. | IBR, JN | 122, 123, 124 |
| 17 | Transcript of Stitch Fix's Q3 2021 Earnings Call on June 7, 2021, published by S&P Global Market Intelligence. | IBR, JN | 58, 125, 126, 127, 129, 130 |
| 18 | Excerpt of Stitch Fix's Form 10-Q for the quarter ended May 1, 2021, filed with the SEC on June 8, 2021. | IBR, JN | 128, 129, 130 |
| 19 | Analyst Report titled *Stabilizing Qtr; Clean Beat & Raise with Strength Across Fixes, Direct Buy, & Profit; Increasing PT to $52*, published by Cory Carpenter (J.P. Morgan) on June 8, 2021. | IBR, JN | 59 |
| 20 | Transcript of Stitch Fix's presentation at the Baird Global Consumer, Technology & Services Conference on June 10, 2021, published by S&P Global Market Intelligence. | IBR, JN | 60, 61, 131, 132, 133, 165, 168 |
| 21 | Transcript of Stitch Fix's Q4 2021 Earnings Call on September 21, 2021, published by S&P Global Market Intelligence. | IBR, JN | 9, 68, 69, 134, 135, 136, 137, 138, 169 |
| 22 | Stitch Fix's Form 10-K for the fiscal year ended July 31, 2021, filed with the SEC on September 27, 2021. | IBR, JN | 137, 138 |
| 23 | Stitch Fix's Schedule 14A Information Definitive Proxy Statement, filed with the SEC on November 4, 2021. | IBR, JN | 173, 174 |
| 24 | Stitch Fix's Form 8-K Current Report and attached Earnings Release for the quarter ended October 30, 2021, filed with the SEC on December 7, 2021. | IBR, JN | 73 |
| 25 | Transcript of Stitch Fix's Q1 2022 Earnings Call on December 7, 2021, published by S&P Global Market Intelligence. | IBR, JN | 11, 73, 75, 76, 141, 142, 174 |
| 26 | Stitch Fix's Form 8-K Current Report and attached Earnings Release for the quarter ended January 29, 2022, filed with the SEC on March 8, 2022. | IBR, JN | 78 |
| 27 | Transcript of Stitch Fix's Q2 2022 Earnings Call on March 8, 2022, published by S&P Global Market Intelligence. | IBR, JN | 12, 78, 80, 143, 144, 145 |
| 28 | Transcript of Stitch Fix's Q3 2022 Earnings Call on June 9, 2022, published by S&P Global Market Intelligence. | IBR, JN | 84, 85, 86, 148, 149, 150 |
| 29 | Stitch Fix's Form 8-K Current Report, filed with the SEC on January 5, 2023. | IBR, JN | 175 |
| 30 | Forms 4 Statements of Changes in Beneficial Ownership for Katrina Lake reporting transactions from June 8, 2019 to December 7, 2020. | JN | |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10

DEFS.' RJN ISO MOTION TO DISMISS
AMENDED COMPLAINT
4:22-cv-04893-PCP

| Ex. | Description | Basis | ¶¶ |
|---|---|---|---|
| **31** | Forms 4 Statements of Changes in Beneficial Ownership for Katrina Lake reporting transactions from December 8, 2020 to June 9, 2022. | IBR, JN | 10, 174 |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

11

**DEFS.' RJN ISO MOTION TO DISMISS
AMENDED COMPLAINT
4:22-cv-04893-PCP**