**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

*Counsel for Lead Plaintiffs Retail Wholesale*
*Department Store Union Local 338*
*Retirement Fund, Retail Wholesale*
*Department Store Union Local 338 Health*
*& Welfare Fund, Retail Wholesale*
*Department Store Union Local 338 General*
*Fund, and Retail Wholesale Department*
*Store Union Local 338 Benefits Trust Fund*

[Additional Counsel Appear on Signature Block]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

RETAIL WHOLESALE DEPARTMENT
STORE UNION LOCAL 338 RETIREMENT
FUND, RETAIL WHOLESALE
DEPARTMENT STORE UNION LOCAL 338
HEALTH & WELFARE FUND, RETAIL
WHOLESALE DEPARTMENT STORE
UNION LOCAL 338 GENERAL FUND, and
RETAIL WHOLESALE DEPARTMENT
STORE UNION LOCAL 338 BENEFITS
TRUST FUND, on behalf of themselves and
all others similarly situated,

          Plaintiffs,

v.

STITCH FIX, INC., KATRINA LAKE, and
ELIZABETH SPAULDING,

          Defendants.

Case No. 5:22-cv-04893-PCP

**LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR JUDICIAL NOTICE/INCORPORATION BY REFERENCE**

Date: April 18, 2024
Time: 10:00 AM
Courtroom: 8, 4th Floor

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT ........................................................................................................2

  A.    Defendants' Improperly-Drawn Factual Inferences Should Be Rejected................3

    1.    Pre-Class Period Documents Not Cited In The Complaint ........................3

    2.    Additional Pre-Class Period Documents ......................................................4

    3.    Documents Purporting To Dispute December 2020 Misstatements............5

    4.    Documents Purporting To Dispute February/March 2021 Misstatements ...................................................................................................6

    5.    Documents Purporting To Dispute June 2021 Misstatements.....................7

    6.    Documents Purporting To Dispute September 2021 Misstatements ...........8

  B.    Defendants Cannot Incorporate Documents For Their Purported "Truth" Regarding Scienter.................................................................................................9

  C.    Defendants Cannot Incorporate Documents For Their Purported "Truth" Regarding Loss Causation ....................................................................................10

III.  CONCLUSION....................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Immune Response Sec. Litig.*,
375 F. Supp. 2d 983 (S.D. Cal. 2005)......................................................................2

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .................................................................... *passim*

*Patel v. Parnes*,
253 F.R.D. 531 (C.D. Cal. 2008).............................................................................9

*Reina-Rodriguez v. United States*,
655 F.3d 1182 (9th Cir. 2011) ................................................................................4

*Russian Hill Cap., LP v. Energy Corp. of Am.*,
2016 WL 1029541 (N.D. Cal. Mar. 15, 2016)........................................................7

*Schueneman v. Arena Pharm. Inc.*,
840 F.3d 698 (9th Cir. 2016) ..................................................................................8

*SEC v. Todd*,
642 F.3d 1207 (9th Cir. 2011) ................................................................................8

*Shaev v. Baker*,
2017 WL 1735573 (N.D. Cal. May 4, 2017)..........................................................4

*Shenwick v. Twitter*,
282 F. Supp. 3d 1115 (N.D. Cal. 2017) ....................................................6, 7, 8, 11

*In re Silver Wheaton Corp. Sec. Litig.*,
2019 WL 1512269 (C.D. Cal. Mar. 25, 2019).................................................6, 7, 9

*In re Snap Inc. Sec. Litig.*,
2018 WL 2972528 (C.D. Cal. June 7, 2018) ....................................................3, 10

*In re Splunk Inc. Sec. Litig.*,
592 F. Supp. 3d 919 (N.D. Cal. 2022).............................................................4, 5, 8

*In re Tesla, Inc. Sec. Litig.*,
477 F. Supp. 3d 903 (N.D. Cal. 2020) ..................................................................10

*United States v. Corinthian Colls.*,
655 F.3d 984 (9th Cir. 2011) ..................................................................................2

*United States v. Ritchie*,
342 F.3d 903 (9th Cir.2003) ...................................................................................5

*Weston v. DocuSign, Inc.*,
    2023 WL 3000583 (N.D. Cal. Apr. 18, 2023) ........................................................................10

**OTHER AUTHORITIES**

Fed. R. Evid. 201 ...................................................................................................................2, 9

Lead Plaintiffs respectfully object, in part, to Defendants' Request for Judicial Notice and for Incorporation by Reference in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 71, "RJN").[1]

## I.    INTRODUCTION

The Ninth Circuit in *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998 (9th Cir. 2018) forcefully criticized the "concerning pattern" of defendants in securities class actions misusing "judicial notice" and "incorporation-by-reference" to improperly present a skewed version of the "facts" at the pleading stage to undermine the complaint's well-pled allegations. The Ninth Circuit made plain that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint" because doing so contravenes the "prohibition against resolving factual disputes at the pleading stage." *Id.* at 1003. The Ninth Circuit was unequivocal that "[s]uch undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Id.* at 999.

Defendants' Request for Judicial Notice exemplifies the abuses the *Orexigen* court denounced. Defendants ask the Court to judicially notice or deem incorporated by reference sixteen exhibits—certain of which are nowhere mentioned in the Complaint—and then draw factual inferences and make factual determinations from those exhibits about fact-intensive issues such as the market's understanding of Defendants' misstatements and scienter. Defendants' attempt to craft their own counter-narrative, and their invitation for the Court to resolve factual disputes on a pleading motion, are precisely the types of misuses of judicial notice and incorporation-by-reference that the Ninth Circuit strongly condemned in *Orexigen:*

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results. . . . [T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. . . . [T]he doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.

*Id.* at 998, 1003.

---

[1] Unless otherwise noted, all citations to "¶_" are to the Amended Complaint (ECF No. 52), "Ex." are to the Exhibits of the Declaration of Janelle M. Fernandes (ECF No. 70 & 70.01-70.31) and "MTD" are to Defendants' Motion to Dismiss Amended Class Action Complaint (ECF No. 69).

For these reasons and those discussed further below, Plaintiffs respectfully submit that the Court should reject the competing factual inferences that Defendants ask the Court to draw based on extraneous documents outside the Complaint and should decline Defendants' invitation to decide factual issues at the pleading stage under the guise of the "judicial notice" doctrine.

## II.    ARGUMENT

Judicial notice and incorporation-by-reference are limited exceptions to the general rule that "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id.* at 998.

Federal Rule of Evidence 201 gives the court discretion to "judicially notice a fact that is not subject to reasonable dispute" if it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is a "narrow exception" that "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *In re Immune Response Sec. Litig.,* 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005).

"[A] court cannot take judicial notice of disputed facts," and even when a document is "susceptible to judicial notice," that still "does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Orexigen,* 899 F.3d at 999; *see United States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011) ("[W]e may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed.").

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself" if the complaint "refers extensively" to them or if they "form[ ] the basis of the plaintiff's claim." *Orexigen,* 899 F.3d at 1002. But "the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.* at 1003. "[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.*

Defendants contend that all their exhibits are proper for judicial notice, and that Exhibits

2, 4-5, 7-29, and 31 are incorporated by reference. As discussed further below: (i) Exhibits 1, 3, and 6 cannot be judicially noticed and cannot be considered for any purpose, and Exhibits 2, 4-5, and 7-22 could have been considered for some limited purpose, but instead are cited for the improper purpose of contradicting the Complaint's well-pled allegations with facts purportedly asserted in those documents; (ii) Exhibits 23 and 29-31 cannot be cited to decide factual issues related to scienter on this pleading motion; and (iii) Exhibits 24-28 cannot be cited to decide factual issues related to loss causation on this pleading motion.

### A.    Defendants' Improperly-Drawn Factual Inferences Should Be Rejected

The majority of Defendants' motion asks the Court to draw factual inferences directly disputed by the Complaint, relying on documents challenged by the Complaint, in support of a single contention: that Defendants' false statements refer exclusively to current Fix clients. *See, e.g.*, MTD 13-15. At bottom, Defendants attempt to challenge the market's understanding of their alleged misstatements and omissions, a factual issue that cannot be decided on a pleading motion, let alone through the incorporation by reference doctrine or judicial notice. It is an abuse of discretion to use these doctrines "to determine what the investors knew" or to draw inferences that contradict the allegations in the Complaint. *Orexigen*, 899 F.3d at 1000; *see also In re Snap Inc. Sec. Litig.,* 2018 WL 2972528, at *4 n.12 (C.D. Cal. June 7, 2018) (refusing to take judicial notice of documents offered to show what "the market understood" because resolving competing inferences and factual disputes is "improper at this stage of litigation").

### 1.    Pre-Class Period Documents Not Cited In The Complaint

**Exhibits 1, 3, and 6** are the Company's SEC Form 8-K from the fourth quarter of fiscal year 2019, an earnings call transcript from the first quarter of fiscal year 2020, and an SEC Form 8-K from the third quarter of fiscal year 2020. While these documents may ostensibly be considered for the proposition that Defendants made the statements contained therein, they cannot be considered for their truth. *Orexigen*, 899 F.3d at 1000 ("It is improper to judicially notice a [document] when the substance of the [document] 'is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.'") (quoting *Reina-Rodriguez v. United States,* 655 F.3d 1182, 1193 (9th Cir. 2011)); *Shaev v. Baker*, 2017 WL 1735573, at *7

(N.D. Cal. May 4, 2017) (because these are facts subject to reasonable dispute, "the Court takes judicial notice only of the statements [in the SEC filings], but not for the purpose of determining the truth of those statements.").

Defendants improperly attempt to notice Exhibits 1, 3 and 6 to assert that prior to the start of the Class Period, Defendants stated that Direct Buy was not "currently" directed to new clients and thus the market understood all of Defendants' alleged misstatements during the Class Period to be limited exclusively to "current" clients. MTD 4-5. However, as alleged in the Complaint, Defendants' alleged misstatements were not exclusively limited to "current" clients and the market did not understand Defendants' statements to be limited exclusively to "current" clients. *See, e.g.*, ¶¶25-27, 60 (discussing "new" clients); *see also* ¶¶37 (analyst reports "Direct Buy allows SFIX to expand their wallet share among new/existing customers"); ¶52 (analyst reports Direct Buy "would materially expand the company's addressable market"). Defendants cannot draw the contrary inference now, especially with documents not cited in the Complaint. *See Orexigen*, 899 F.3d 1003 ("Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit . . . ."). To the extent the Court does notice these documents, they can only be noticed for the fact that Defendants made these statements, and not for the truth of the matter asserted or for the purpose of resolving factual disputes. *See In re Splunk Inc. Sec. Litig.,* 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) ("Because the truth of the matters asserted in these documents is subject to a reasonable dispute, however, the Court will take judicial notice of the statements in these documents, but not for the truth of the matters asserted therein or for the purpose of resolving factual disputes.").

### 2.    Additional Pre-Class Period Documents

Defendants attempt to improperly incorporate **Exhibits 2, 4, 5, 7, 8**, which are an earnings call transcript for the fourth quarter of fiscal year 2019, the transcript of a presentation at a Goldman Sachs conference held on February 11, 2020, an earnings call transcript from the second quarter of fiscal year 2020, an earnings call transcript from the third quarter of fiscal year 2020, and an earnings call transcript from the fourth quarter of fiscal year 2020, respectively. These

documents all pre-date the Class Period. Further, these documents are only cited once, each, in the Complaint—except for Exhibit 2, which is cited twice. These documents thus are not "refer[red] [to] extensively" in the Complaint and cannot be incorporated by reference. *Orexigen*, 899 F.3d at 1002-03 ("For 'extensively' to mean anything under *Ritchie*, it should, ordinarily at least, mean more than once.") (applying *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir.2003)).

Defendants cite Exhibits 2, 4, 5, 7 and 8 to urge the Court to improperly draw two contradictory inferences in their favor. First, Defendants cite Exhibits 2, 7, and 8 to suggest that prior to the start of the Class Period, the market knew that Direct Buy cannibalized the Fix business. *See* MTD 4, 5, 14. But the Complaint expressly alleges that prior to the start of the Class Period, on June 8, 2020, Defendant Spaulding denied any cannibalization, stating point blank: "these two offerings are so highly complementary versus <u>any sort of cannibalization between the two</u>." ¶31. Again, Defendants cannot ask the Court to draw contrary inferences about what the market understood on a pleading motion. *See Splunk*, 592 F. Supp. 3d at 930.

Second, and notwithstanding their argument above, Defendants cite Exhibits 4, 5, and 6, all of which pre-date the Class Period, to suggest that Direct Buy did not cannibalize the Fix business as a matter of fact. *See* MTD 4-5. Defendants cannot point to pre-Class Period statements to argue that, contrary to the well-pled allegations in the Complaint (¶¶32, 37-38, 51-53, 59-61, 69-71, 77, 81), there was no cannibalization during the Class Period. *See Orexigen*, 899 F.3d at 1003 ("it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.").

### 3.  Documents Purporting To Dispute December 2020 Misstatements

**Exhibits 9, 10, and 11** are the Company's SEC Form 8-K, earnings call transcript, and SEC Form 10-Q for the first quarter of fiscal year 2021 ended on October 31, 2020, . These documents are cited in the Complaint and thus can be incorporated. But Defendants cite them only for the truth of the matters asserted therein, and "it is improper to assume the truth of an incorporated document." *Orexigen*, 899 F.3d at 1003.

Defendants improperly cite Exhibits 9, 10, and 11 to argue that because Stitch Fix disclosed that the year-over-year net revenue per client may decrease and Defendant Lake said that "Direct

Buy could become 'a vehicle for client acquisition in the quarters ahead,'" the market understood Defendants' alleged misstatements to "only address[] current fix customers." MTD 6 & 10 n.8. Again, this factual inference about what analysts understood contradicts the allegations in the Complaint and cannot be drawn now. *See Orexigen*, 899 F.3d at 1003; *Shenwick v. Twitter*, 282 F. Supp. 3d 1115, 1123, 1139-40 n.24 (N.D. Cal. 2017) (noticing documents "without determining the truth of the statements therein" because fact assertions regarding market's knowledge based on news articles cannot be resolved on motion to dismiss); *In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019) ("it would be inappropriate for Court to consider defendants' exhibits for" the "the purpose" of "present[ing] their own version of the facts to defeat plaintiffs' claims at the pleading stage.").

The Complaint alleges that on December 7, 2020, Defendant Lake told investors, "what we're seeing is that the two experiences are really additive" and "frictionless"; she did not say that they were only additive and frictionless for current clients and not for prospective clients and the market did not understand these misstatements to be limited to current clients. ¶98. Indeed, an analyst wrote on December 7, 2020 that "Direct Buy allows SFIX to expand their wallet share among new/existing customers." ¶37.

### 4. Documents Purporting To Dispute February/March 2021 Misstatements

**Exhibits 12, 13, 14, 15 and 16**[2] are a transcript of the Company's presentation at the Goldman Sachs Technology & Internet Conference on February 10, 2021, an SEC Form 8-K and earnings call transcript for the second quarter of fiscal year 2021 ended January 30, 2021, an analyst report published by Deutsche Bank on March 8, 2021, and an SEC Form 10-Q for the second quarter of fiscal year 2021. These documents cannot be considered for their truth, but may be considered solely for the fact that Defendants made the statements therein. *See, e.g.*, *Orexigen*, 899 F.3d at 1003.

Defendants improperly cite these Exhibits to argue that the market understood that

---

[2] Exhibit 16 does not appear to be cited in the Motion to Dismiss.

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION    6
FOR JUDICIAL NOTICE/INCORPORATION BY REFERENCE

Defendants' misstatements referred only to "current Fix clients, not prospective clients." MTD 12-14. As set forth directly above, this is an inappropriate factual inference to draw at this stage of the litigation in the face of the well-pled allegations in the Complaint. *Shenwick*, 282 F. Supp. 3d at 1139-40 (N.D. Cal. 2017); *Silver Wheaton*, 2019 WL 1512269, at *8.

The Complaint alleges that Defendants touted the "incrementality" of Fix and Direct Buy in February/March 2021 without qualification. ¶¶110, 113, 116, 119. Moreover, Defendants were specifically asked about and discussed prospective clients at this time. For instance, on March 8, 2021, an analyst asked Defendant Spaulding whether the Direct Buy roll out to "new customers" could "potentially cannibaliz[e] the existing Fix business or at least what you're seeing today with the added offering those that already use the Fix business?" In response, Defendant Spaulding represented that the Company was "seeing that [Direct Buy] is actually an additive experience." ¶51; *see also* ¶¶5, 32, 34, 60, 131, 167, 168. As Exhibit 14 itself states, Defendant Spaulding added, "we're thinking about it similarly as we bring <u>new consumers</u> onto the platform." Ex. 14 at 14.

### 5. Documents Purporting To Dispute June 2021 Misstatements

**Exhibits 17, 18,[3] 19, and 20** are an earnings call transcript and SEC Form 10-Q for the third quarter of fiscal year 2021 ended May 1, 2021, an analyst report published by J.P. Morgan on June 8, 2021, and a transcript of the Company's presentation at the Baird Global Consumer, Technology, & Services Conference on June 10, 2021. These documents cannot be incorporated for their truth. *Orexigen*, 899 at 1003.

Defendants claim that their reference to "Fix Clients" and statement that "our clients that engage in both are spending more with us" further support their argument that their alleged misstatements were limited exclusively to "current" clients. MTD 16. But again, Defendants cannot use these exhibits to resolve in their favor, on a pleading motion, the fact-intensive question of what the market understood or to conclude that Defendants were telling the truth when they stated that Direct Buy was not cannibalizing Fix. *See Shenwick*, 282 F. Supp. 3d at 1139-40 (N.D. Cal. 2017); *Silver Wheaton*, 2019 WL 1512269, at *8; *see also Russian Hill Cap., LP v. Energy*

---

[3] Ex. 18 does not appear to be cited in the Motion to Dismiss.

*Corp. of Am.*, 2016 WL 1029541, at *3 (N.D. Cal. Mar. 15, 2016) ("But the Court does not assume the truth of those statements to the extent that Plaintiff might contest their veracity.").

As the Complaint alleges, Defendants' statements were not limited exclusively to "current" clients, and in June 2021, Defendants explicitly referred to "new" clients. ¶60; *see also* ¶125. Further, as alleged, analysts did not understand Defendants' statements to be exclusively limited to current clients at this time (or any time during the class period). ¶59.

### 6.    Documents Purporting To Dispute September 2021 Misstatements

Defendants use **Exhibits 21 and 22**, their earnings call transcript for the fourth quarter of fiscal year 2021 and an SEC Form 10-K for the fiscal year 2021, to argue that Defendant Spaulding referred to increases in the number of active clients year-over-year and revenue per active client, and therefore, as a matter of fact, Direct Buy was not cannibalizing the Fix business. MTD 7, 17-18. Again, Defendants cannot draw this inference from these documents, they can only be incorporated to show that Defendants said those words. *Orexigen*, 899 F.3d at 1003. As alleged, these metrics were actionably misleading because they touted positive information while failing to disclose adverse information that cut against those positive representations—namely, that Direct Buy was cannibalizing Fix. ¶¶104-06, 122-24, 128-30, 137-38; *see Schueneman v. Arena Pharm. Inc.*, 840 F.3d 698, 705-06 (9th Cir. 2016); *see also In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d at 932 (misleading to "tout positive information" without "disclosing adverse information that cuts against [it]"). Further, Defendants' statements were also actionably misleading because they failed to distinguish whether active clients were in Fix or Direct Buy, including whether a Fix client had been funneled to Direct Buy, therefore concealing the cannibalization that Direct Buy was inflicting on Fix. ¶¶105, 123, 129, 137; *see Shenwick*, 282 F. Supp. 3d at 1133-34 (N.D. Cal. 2017); *see also SEC v. Todd*, 642 F.3d 1207, 1222 (9th Cir. 2011) (statements actionable that "impliedly attributed" revenue growth to a list of factors because "[i]f [defendant] . . . had disclosed the true source of the revenue, the investing public would have been alerted to the lesser rate of growth for [the company's] traditional sources of revenue").

**B.    Defendants Cannot Incorporate Documents For Their Purported "Truth" Regarding Scienter**

The Ninth Circuit has rejected defendants' attempts to incorporate documents that would contradict plaintiff's well-pled allegations of scienter. *Orexigen*, 899 F.3d at 1006 (rejecting incorporation of documents contradicting plaintiff's scienter allegations). This is an abuse of judicial notice and is inappropriate. *See id.* at 999. "The truth of the content, and the inferences properly drawn from them, however, is not a proper subject of judicial notice under Rule 201." *Patel v. Parnes,* 253 F.R.D. 531, 546 (C.D. Cal. 2008) (collecting cases for the proposition, "It is appropriate for the court to take judicial notice of the content of the SEC Forms 4 and the fact that they were filed with the agency. The truth of the content, and the inferences properly drawn from them, however, is not a proper subject of judicial notice under Rule 201.").

**Exhibits 23, 29, 30 and 31** are the Company's Schedule 14A Definitive Proxy Statement, filed with the SEC on November 4, 2021, an SEC Form 8-K filed on January 5, 2023, a compilation of Defendant Lake's pre-Class Period Forms 4 Statements of Changes in Beneficial Ownership, and Defendant Lake's post-Class Period Forms 4, respectively. Here, Defendants ask this Court to draw an inference concerning a contested issue—Defendants' scienter—that contradicts the Complaint and is adverse to Plaintiffs. This is inappropriate under *Orexigen*. *See* 899 F.3d at 999.

Defendants use Exhibit 23 to draw inappropriate factual inferences regarding Defendant Spaulding's compensation. MTD 24-25. Defendants cannot use the proxy statement to falsely conclude that Defendant Spaulding's compensation scheme meant that she did not have motive to commit fraud, as this contradicts the allegations in the Complaint. *See* ¶¶173-74.

Similarly, Defendants use Exhibit 29 to assert that Defendant Spaulding resigned, MTD 23, when the Complaint alleges that the market understood that she had been fired. ¶¶93, 175.

Defendants use Exhibits 30 and 31, Defendant Lake's Forms 4, to suggest that her stock sales were actually benign, but again, the Complaint alleges that Defendant Lake's sales of $78 million were unusual and suspicious. ¶174. Defendants cannot now draw the adverse inference. *See Silver Wheaton*, 2019 WL 1512269, at *8 (rejecting defendants' request for judicial notice where "it appears from their briefing that defendants are relying on these exhibits to present their

own version of the facts to defeat plaintiffs' claims at the pleading stage."); *Weston v. DocuSign, Inc.*, 2023 WL 3000583, at *11 (N.D. Cal. Apr. 18, 2023) (rejecting incorporation of Forms 4 as defendants impermissibly "insert[ing] its own version of events into the complaint").

Notably, the *Orexigen* Court specifically rejected the same arguments advanced by Defendants here. In *Orexigen*, the Court held that the District Court improperly incorporated similar documents purportedly refuting the plaintiffs' scienter arguments because plaintiffs' "claims did not arise from these proxy statements and incentive plans," but rather, plaintiffs merely demonstrated one potential avenue for scienter among many. *Orexigen*, 899 F.3d at 1006. Further, the Court determined that, "in seeking incorporation of these documents, Orexigen improperly asked the district court to engage in fact-finding in the course of deciding the sufficiency of the Complaint," because it is premature to decide facts related to scienter on a pleading motion. *Id.*

**C.    Defendants Cannot Incorporate Documents For Their Purported "Truth" Regarding Loss Causation**

Defendants do not challenge loss causation in their motion to dismiss. Nonetheless, they present their own facts concerning what each alleged partial disclosure revealed to the market and/or what those disclosures meant. This is improper. *See In re Tesla, Inc. Sec. Litig.*, 477 F. Supp. 3d 903, 920-21 (N.D. Cal. 2020) ("This Court, however, does not consider any of the exhibits to which Plaintiff objects (*e.g.* [news reports purportedly demonstrating the market's knowledge of stock price movements] in such a way that contradicts factual allegations pled in the Consolidated Complaint."); *see also In re Snap Inc. Sec. Litig.,* 2018 WL 2972528, at *4 n.12 (C.D. Cal. June 7, 2018) (refusing to take judicial notice of documents offered to show what "'the market understood'" because resolving competing inferences and factual disputes is "improper at this stage of litigation").

**Exhibits 24, 25, 26, 27, and 28** are certain of the documents containing the alleged partial disclosures in this case (¶¶72-76, 78-80, 82-87), including: the Company's SEC Form 8-K and earnings call transcript for the first quarter of fiscal year 2022 ended on October 30, 2021; an SEC Form 8-K and earnings call transcript for the second quarter of fiscal year 2022 ended on January 29, 2022; and an earnings call transcript for the third quarter of fiscal year 2022.

Defendants collectively use these documents to suggest that the decline in the Company's growth metrics was due to "macroeconomic uncertainty" and not to the fact that Direct Buy was cannibalizing the Fix business. MTD 7-9. It is improper to use judicially noticed documents to challenge loss causation at the pleading stage. *See Shenwick*, 282 F. Supp. 3d at 1122-23 (refusing to "determine the truth" of documents purportedly contradicting plaintiff's loss causation theory "because the facts contained in the documents are subject to reasonable dispute[.]").

## III.    CONCLUSION

For the foregoing reasons, the Court should not incorporate by reference or judicially notice any of Defendants' exhibits, and if it does, the Court should not incorporate or notice those exhibits for the truth of the matter asserted.

Dated:    December 22, 2023

BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP

By: */s/ Rebecca E. Boon*
Rebecca E. Boon (*pro hac vice*)
(Rebecca.Boon@blbglaw.com)
Scott Foglietta (*pro hac vice*)
(Scott.Foglietta@blbglaw.com)
William E. Freeland (*pro hac vice*)
(William.Freeland@blbglaw.com)
Brandon A. Slotkin (*pro hac vice*)
(Brandon.Slotkin@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

-and-

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

*Counsel for Lead Plaintiffs Retail Wholesale Department Store Union Local 338 Retirement Fund, Retail Wholesale Department Store Union Local 338 Health & Welfare Fund, Retail Wholesale Department Store Union Local 338 General*

*Fund, and Retail Wholesale Department
Store Union Local 338 Benefits Trust Fund*