COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
BRETT H. DE JARNETTE (292919) (bdejarnette@cooley.com)
JANELLE M. FERNANDES (322217) (jfernandes@cooley.com)
AMIE L. SIMMONS (336356) (asimmons@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

Attorneys for Defendants
STITCH FIX, INC., KATRINA LAKE, and ELIZABETH
SPAULDING

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 RETIREMENT FUND, RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 HEALTH & WELFARE FUND, RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 GENERAL FUND, and RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 BENEFITS TRUST FUND, on behalf of themselves and all others similarly situated, | Case No. 5:22-cv-04893-PCP **DEFENDANTS STITCH FIX, INC., KATRINA LAKE, AND ELIZABETH SPAULDING'S REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE** |
| Plaintiffs, | Date:      April 18, 2024 Time:      10:00 a.m. Dept:      Courtroom 8, 4th Floor Judge:     Hon. P. Casey Pitts |
| v. | |
| STITCH FIX, INC., KATRINA LAKE, and ELIZABETH SPAULDING, | |
| Defendants. | |

**TABLE OF CONTENTS**

**Page**

I.　INTRODUCTION ...................................................................................................... 1

II.　ARGUMENT .............................................................................................................. 2

    A.　Plaintiffs Cannot Dispute that Exhibits 2, 4-5, 7-29, and 31 are Incorporated by Reference into the Complaint. ........................................ 2

        1.　Exhibits 9-29 and 31 are Incorporated by Reference. ................................. 2

        2.　Plaintiffs' Arguments Against the Incorporation by Reference of Documents Regarding Scienter and Loss Causation are Inapposite. .......... 4

        3.　Exhibits 2, 4, 5, 7, and 8 are Also Incorporated by Reference. ................... 7

    B.　Plaintiffs Do Not Dispute that Exhibits 1-31 Are Judicially Noticeable. .............. 8

        1.　Exhibits 1, 3, and 6 are Proper Subjects of Judicial Notice. ....................... 8

        2.　Exhibits 2, 4-5, and 7-8 are Proper Subjects of Judicial Notice. ................ 9

        3.　Exhibits 30 and 31 are the Proper Subjects of Judicial Notice. .................. 9

        4.　Exhibits 9-29 are Also the Proper Subjects of Judicial Notice. ................ 10

III.　CONCLUSION ......................................................................................................... 10

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

i

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
5:22-CV-04893-PCP

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Amgen Inc. Sec. Litig.*,
544 F.Supp.2d 1009 (C.D. Cal. 2008) ........................................................................ 10

*In re Apple Inc. Device Performance Litig.*,
386 F. Supp. 3d 1155 (N.D. Cal. 2019). ....................................................................... 7

*In re Apple Inc. Device Performance Litig.*,
386 F. Supp. 3d 1155 (N.D. Cal. 2019) ........................................................................ 3

*In re Apple Inc. Sec. Litig.*,
2020 WL 2857397 (N.D. Cal. June 2, 2020) ......................................................... 8, 10

*Chan v. ArcSoft, Inc.*,
2021 WL 12103025 (N.D. Cal. Sept. 28, 2021) ............................................................ 2

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
880 F. Supp. 2d 1045 (N.D. Cal. 2012) ...................................................................... 10

*In re Energy Recovery Inc. Sec. Litig.*,
2016 WL 324150 (N.D. Cal. Jan. 27, 2016) ............................................................... 10

*In re Eventbrite, Inc. Sec. Litig.*,
2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ........................................................ 1, 3

*In re Fastly, Inc. Sec. Litig.*,
2021 WL 5494249 (N.D. Cal. Nov. 23, 2021) ............................................................. 7

*Hampton v. Aqua Metals, Inc.*,
2020 WL 6710096 (N.D. Cal. Nov. 16, 2020) ............................................................. 9

*Jui-Yang Hong v. Extreme Networks, Inc.*,
2017 WL 1508991 (N.D. Cal. Apr. 27, 2017) ............................................................. 9

*Kang v. PayPal Holdings, Inc.*,
620 F. Supp. 3d 884 (N.D. Cal. 2022) ......................................................................... 3

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ............................................................................ 1, 2, 3, 5

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
540 F.3d 1049 (9th Cir. 2008) ...................................................................................... 9

*Mogensen v. Body Cent. Corp.*,
2013 WL 8290493 (M.D. Fla. Sept. 19, 2013) ............................................................ 9

Cooley LLP
Attorneys at Law
Palo Alto

ii

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Mulquin v. Nektar Therapeutics*,
510 F. Supp. 3d 854 (N.D. Cal. 2020) ............................................................................ 3

*In re NVIDIA Corp. Sec. Litig.*,
768 F.3d 1046 (9th Cir. 2014) ........................................................................................ 3

*Okla. Firefighters Pension & Ret. Sys. v. Ixia*,
2015 WL 1775221 (C.D. Cal. Apr. 14, 2015) ................................................................ 6

*Okla. Firefighters Pension & Ret. Sys. v. Ixia*,
50 F. Supp. 3d 1328 (C. D. Cal. 2014) ........................................................................... 9

*In re ON24, Inc. Sec. Litig.*,
2023 WL 7449838 (N.D. Cal. July 7, 2023) ................................................................... 8

*Pampena v. Musk*,
2023 WL 8588853 (N.D. Cal. Dec. 11, 2023) ................................................................ 2

*In re Pivotal Sec. Litig.*,
2020 WL 4193384 (N.D. Cal. July 21, 2020) ................................................................. 3

*Ret. Sys. v. Sterling Fin. Corp.*,
963 F. Supp. 2d 1092 (E.D. Wash. 2013) ....................................................................... 3

*Rodriguez v. Gigamon, Inc.*,
325 F. Supp. 3d 1041 (N.D. Cal. 2018) .......................................................................... 2

*In re Silver Wheaton Corp. Sec. Litig.*,
2019 WL 1512269 (C.D. Cal. Mar. 25, 2019) ................................................................ 5

*Smith v. NetApp, Inc.*,
2021 WL 1233354 (N.D. Cal. Feb. 1, 2021) .................................................................. 9

*Sneed v. AcelRx Pharms., Inc.*,
2022 WL 4544721 (N.D. Cal. Sept. 28, 2022) ............................................................... 6

*In re Splunk Inc. Sec. Litig.*,
592 F. Supp. 3d 919 (N.D. Cal. 2022) ............................................................................ 1

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ................................................................................................... 1, 3

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
592 F.3d 954 (9th Cir. 2010) .......................................................................................... 9

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

iii

**REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
5:22-CV-04893-PCP**

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Welgus v. TriNet Grp., Inc.*,
    2017 WL 6466264 (N.D. Cal. Dec. 18, 2017) .......................................................................... 8

*Weston v. DocuSign*,
    2023 WL 3000583 (N.D. Cal. Apr. 18, 2023) .......................................................................... 6

*Wochos v. Tesla, Inc.*,
    2019 WL 1332395 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir.
    2021) ...................................................................................................................................... 10

*Yaron v. Intersect ENT, Inc.*,
    2020 WL 6750568 (N.D. Cal. June 19, 2020) ........................................................................ 10

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

## I. INTRODUCTION

As discussed in Defendants' Motion to Dismiss ((the "Motion") ECF No. 69), the Complaint is deficient on its face due its reliance on three former employees who lack particularity and reliability. Nevertheless, to provide the Court with full context when ruling on a motion to dismiss, Defendants submit these exhibits, all of which are the proper subject of judicial notice or are incorporated by reference into the Complaint. Importantly, Plaintiffs do not dispute that the Court may consider Exhibits 1-31 to the Declaration of Janelle M. Fernandes ("JMF Decl.") under the incorporation by reference and/or request for judicial notice doctrines in ruling on Defendants' Motion. Instead, Plaintiffs complain that Defendants improperly use certain of these exhibits to "present a skewed version of the 'facts' . . . to undermine the complaint's well-pled allegations." (RJN Opp.[1] at 1.) Defendants do no such thing.[2] Importantly, Defendants may use these exhibits so long as they do not "*only* serve to dispute facts stated in a well-pl[ed] complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). Plaintiffs have not identified a single well-pled factual allegation that Defendants dispute through the use of exhibits. The Complaint cherry-picks Stitch Fix's public statements to further Plaintiffs' chosen narrative rather than pleading particularized facts. To put Plaintiffs' allegations in their proper context, Defendants ask the Court to consider documents and information from Stitch Fix's public filings and other public statements that Plaintiffs selectively omit from their Complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). This is the precise purpose of the incorporation

[1] All references to "RJN Opp." are to Plaintiffs' Opposition to Defendants' Request for Judicial Notice/Incorporation by Reference (ECF No. 73). All references to "RJN" are to Defendants' Request for Judicial Notice and for Incorporation by Reference (ECF No. 71). All "¶" references are to Plaintiffs' Amended Complaint (the "Complaint") (ECF No. 52). All references to the "Motion" or "Mot." are to Defendants' Motion to Dismiss (ECF No. 69). All "Ex." references are to exhibits to the JMF Decl. (ECF No. 70). All "Class Action" references are to filings in the related securities class action pending in this Court. *Retail Wholesale Dep't Store Union Local 338 Ret. Fund, et. al, v. Stitch Fix, Inc., et. al*, No. 5:22-cv-04893-PCP (N.D. Cal.). Unless otherwise noted, all emphasis is added and all internal quotation marks, ellipses, brackets, and citations are omitted.
[2] The vast majority of Plaintiffs' RJN Opp. arguments cite *Orexigen* to support the notion that Defendants should not be allowed to improperly draw factual inferences from the exhibits. But Plaintiffs oversimplify *Orexigen*, a decision which "does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's conclusory allegations." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020). Instead, *Orexigen* "holds that an incorporated or noticed document's truth may not be assumed if the *only purpose is to dispute or create a defense to a well-pled fact* in a complaint." *Id.*

Cooley LLP
Attorneys at Law
Palo Alto

1

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
5:22-CV-04893-PCP

by reference doctrine. *See Orexigen*, 899 F.3d at 1002 ("The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.").

Plaintiffs also do not dispute that Exhibits 1-31 are the types of documents routinely and properly subject to judicial notice. *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) ("Courts routinely take judicial notice of [SEC filings, transcripts of calls with, or presentations to, analysts and investors, publications of Defendants' statements, and historical stock price data] for the purpose of determining what information was available to the market."). Plaintiffs instead claim that Defendants cite certain documents in an "attempt to challenge the market's understanding of their alleged misstatements and omissions." (RJN Opp. at 3.) That is incorrect. Defendants merely cite these documents to show what information was available to the market, using documents uniformly and routinely considered proper subjects of judicial notice.

## II.    ARGUMENT

### A.    Plaintiffs Cannot Dispute that Exhibits 2, 4-5, 7-29, and 31 are Incorporated by Reference into the Complaint.

Plaintiffs do not dispute that Exhibits 9-29, and 31 are incorporated by reference into the Complaint. (*Id.* at 5.) Rather, Plaintiffs claim that Exhibits 12-29 draw "inappropriate factual inference[s] . . . in the face of the well-pled allegations in the Complaint," (*id.* at 7), and that Exhibit 31 cannot be used to "draw [an] adverse inference" against Plaintiffs' scienter allegations, (*id.* at 9.) These Exhibits, however, "do not dispute facts stated in a well-pleaded complaint, but instead provide a basis for Defendant's arguments that Plaintiffs inaccurately characterize the documents or portions of the documents." *Pampena v. Musk*, 2023 WL 8588853, at *8 (N.D. Cal. Dec. 11, 2023). Plaintiffs only dispute the incorporation of Exhibits 2, 4-5, and 7-8; but this argument is wrong for the reasons discussed below.

### 1.    Exhibits 9-29 and 31 are Incorporated by Reference.

Plaintiffs do not dispute—and thereby effectively concede—Exhibits 9-29 are incorporated by reference into the Complaint. (RJN Opp. at 5-10); *see Rodriguez v. Gigamon, Inc.*, 325 F. Supp. 3d 1041, 1057 n.6 (N.D. Cal. 2018) ("Plaintiffs do not address Defendants' arguments, and thus

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
5:22-CV-04893-PCP

implicitly concede" to Defendants' position).   Exhibits 9-14, 16-18, 20-22, and 24-28 are incorporated by reference because they contain the alleged misrepresentations and corrective disclosures and therefore unequivocally "form the basis of [Plaintiffs'] claims." *Orexigen*, 899 F.3d at 1004-05; *Chan v. ArcSoft, Inc.*, 2021 WL 12103025, at *3-4 (N.D. Cal. Sept. 28, 2021) (incorporating documents by reference where they form "the basis for the plaintiff's claim."); *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *4 (N.D. Cal. July 21, 2020) (incorporating documents that "allegedly contain materially false or misleading statements").   Exhibits 15, 19, 23, 29, and 31 are also incorporated by reference because they are "integral" to the Complaint, (RJN at 3 (citing *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1165 (N.D. Cal. 2019)), and are relied on by Plaintiffs to allege why the challenged statements are misleading, (*id.* at 4 (citing *Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 863 (N.D. Cal. 2020).)  As a result, Exhibits 9-29 and 31 are "assumed to be true for purposes of a motion to dismiss, and both parties – and the Court – are free to refer to any of [their] contents."  (RJN at 2 (quoting *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) and *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013).)

Plaintiffs instead argue that (a) Defendant cannot incorporate documents by reference that "only serve to dispute facts stated in a well-pleaded complaint," (RJN Opp. at 2 (citing *Orexigen*, 899 F.3d at 1003)), and (b) Defendants use these exhibits "to challenge the market's understanding of their alleged misstatements and omissions, a factual issue that cannot be decided on a pleading motion," (RJN Opp. at 3.)   But the incorporation-by-reference doctrine does not "prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's **conclusory** allegations." *Eventbrite*, 2020 WL 2042078, at *7. *Orexigen* and its progeny do "not eradicate the rule that alleged false statements must be analyzed in context." *Eventbrite,* 2020 WL 2042078, at *7; *Kang v. PayPal Holdings, Inc.*,620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (holding that incorporation by reference was appropriate "to assess the veracity of [a] challenged statement in context").  The Court is entitled—and in fact, required—to have the full context surrounding Plaintiffs' allegations at its disposal.  *See Tellabs*, 551 U.S. at 322. Furthermore, Defendants use these documents in the exact manner contemplated by the Ninth

Cooley LLP
Attorneys at Law
Palo Alto

3

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
5:22-CV-04893-PCP

Circuit: to ask the Court to consider the challenged statements in the context of information available to the market at the time they were made, not to dispute any well-pled factual allegations. (*See supra*, Section II.A); *Orexigen*, 899 F.3d at 1003; *Eventbrite*, 2020 WL 2042078, at *7. For example:

- **Exhibit 14:** Plaintiffs claim Defendants use Exhibit 14, a transcript of Stitch Fix's Q2 2021 earnings call on March 8, 2021, to draw improper inferences that statements about "incrementality" referenced prospective clients, but they have not alleged one well-pled fact that Defendants cite this document to dispute. (RJN Opp. at 6-7.)  The RJN Opp. claims the "Complaint alleges that Defendants touted the 'incrementality' of Fix and Direct Buy . . . without qualification," (*id.* at 7), but the Complaint makes no such claim; it merely cherry-picks portions of quoted text and claims it was false and misleading, omitting the qualifying language, (*see, e.g.*, ¶¶113-14.)  The only thing Defendants dispute is the allegation that these statements were false or misleading, and Defendants ask the Court to consider the statements in their full context, including the Exhibit's specific references to "active Fix clients."  (MTD at 12-13.)  Thus, this document is properly incorporated by reference.

- **Exhibit 17:** Similarly, Plaintiffs claim Defendants use Exhibit 17, a transcript of Stitch Fix's Q3 2021 earnings call on June 7, 2021, to dispute the Complaint's allegations that Defendants' statements "were not limited exclusively to 'current' clients, and in June 2021, Defendants explicitly referred to 'new' clients." (RJN Opp. at 8).  But the Complaint contains no such allegation—it cites language that Direct Buy had demonstrated "incrementality," (¶125), and claims it was misleading because Direct Buy was cannibalizing Fix customers, (¶126).  Defendants include Exhibit 17 to put this quote in context: Defendants discussed the "incrementality that direct buy has demonstrated to date," citing user data from Fix clients who had been on the platform for 30 days or less, not its potential performance with prospective clients, or internal testing.  (MTD at 7.)  Defendants only cite this Exhibit to give the Court the opportunity to review the challenged statements in their full and proper context.[3]  They do not dispute any well-pled fact alleged in the Complaint.

Plaintiffs' arguments do not preclude the incorporation by reference of Exhibits 9-29.

### 2.   Plaintiffs' Arguments Against the Incorporation by Reference of Documents Regarding Scienter and Loss Causation are Inapposite.

Plaintiffs argue that Exhibits 23, 29, and 31 cannot be incorporated for their truth because they would "contradict plaintiff's well-pled allegations of scienter." (RJN Opp. at 9.)  Plaintiffs

---

[3] Rather than making a cogent argument against incorporation by reference, Plaintiffs appear to improperly use their RJN Opposition to litigate issues that should be addressed in their Opposition to the Motion to Dismiss.  The Court should not consider these substantive arguments in deciding a Request for Judicial Notice, let alone in the broader motion to dismiss context.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
5:22-CV-04893-PCP

also argue that Exhibits 24-28 cannot be incorporated for their truth because "[Defendants] present their own facts concerning what each alleged partial disclosure revealed to the market and/or what those disclosures meant." (*Id.* at 10.) Plaintiffs again are wrong.

**Exhibits 23, 29, and 31.** Plaintiffs' challenges to Exhibits 23 (Stitch Fix's Schedule 14A filed November 4, 2021), 29 (Stitch Fix's Form 8-K filed on January 5, 2023.), and 31 (Ms. Lake's Forms 4 from December 8, 2020 to June 9, 2022)[4] are conclusory and ignore that the Court is permitted to analyze Plaintiffs' claims in context. Rather than arguing these exhibits are not properly subjects of incorporation by reference, Plaintiffs argue Defendants' use is inappropriate under *Orexigen* because "Defendants ask this Court to draw an inference concerning" scienter. (RJN Opp. at 9.) But this argument is conclusory and fails to acknowledge that the Court is permitted to analyze Plaintiffs' claims in context. Again, Defendants are not attempting to contradict any well-pled fact through these exhibits. For example, Exhibit 23, Stitch Fix's Schedule 14A filed with the SEC on November 4, 2021, is not introduced to "falsely conclude" anything about Ms. Spaulding's compensation scheme. (*Id.*) **Plaintiffs** cite this document affirmatively to make a point about Ms. Spaulding's compensation. Defendants only ask the Court to put this allegation in context: that the compensation plan was put in place "***after*** the challenged statements were made, and ***after*** the launch of Freestyle to prospective customers." (MTD at 24.)

Similarly, Defendants cite Exhibit 29, Stitch Fix's Form 8-K announcing Ms. Spaulding's departure, to offer Stitch Fix's actual statements about Ms. Spaulding's departure to put in context Plaintiffs' conclusory and speculative allegations regarding the circumstances of the departure. (*Id.*) Plaintiffs mischaracterize Defendants' use of this document. (RJN Opp. at 9.) While Plaintiffs claim Defendants use this document to contest the allegation that "the market understood

---

[4] Plaintiffs' RJN Opp. argues Defendants cannot incorporate Exhibit 30 by reference in the Complaint to argue Ms. Lake's "stock sales were actually benign." (RJN Opp. at 9.) Defendants have never argued Exhibit 30 can or should be incorporated by reference, only that, as an SEC filing, it is the proper subject of judicial notice. Plaintiffs' reference to *In re Silver Wheaton Corp. Securities Litigation* is also inapposite. There, the defendants "asked the Court to consider ***over a thousand pages*** of extrinsic documents in deciding the instant motion to dismiss." *In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019). That is not the case here. Even so, the *Silver Wheaton* court judicially noticed the defendant's SEC filings; it did not reject the entirety of defendants' request. *Id.* As such, the Court can and should judicially notice Ms. Lake's Forms 4 filed with the SEC from June 8, 2019 to December 7, 2020. (*See supra*, Section II.B.)

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
5:22-CV-04893-PCP

that she had been fired," Defendants actually cite it to provide context for what the press release said, in response to the speculative allegation that the "departure was *associated with the alleged misconduct*." (MTD at 23; ¶175.) Plaintiffs did not allege any facts regarding the circumstances of Spaulding's departure, let alone any giving rise to an inference that her departure was suspicious. (MTD at 23-24.) Instead, they rely on speculative characterizations of the press release, which Defendants provided the Court to put these allegations into context. As such, Defendants do not cite this document to dispute any well-pled fact in the Complaint.

Plaintiffs' attempts to challenge Exhibit 31, Ms. Lake's Forms 4, also fail. Courts routinely incorporate by reference class period Forms 4 under these circumstances, and the Court should do the same here with Exhibit 31. *See Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *15 (C.D. Cal. Apr. 14, 2015) (incorporating by reference defendant's Forms 4 used as the basis for plaintiffs' stock sale allegations); *Sneed v. AcelRx Pharms., Inc.*, 2022 WL 4544721, at *3 (N.D. Cal. Sept. 28, 2022) (finding Forms 4 incorporated by reference into the complaint where plaintiffs alleged stock sales to support scienter). Plaintiffs' citation to *Weston v. DocuSign* has no bearing on the incorporation by reference of Exhibit 31. (RJN Opp. at 10.) Plaintiffs claim that the *Weston,* court "reject[ed] incorporation of Forms 4 as defendants impermissibly 'insert[ing] its own version of events into the complaint,'" but, that court *did not rule* on the incorporation by reference or judicial notice of Forms 4, a fact that underscores the blatant inaccuracy of Plaintiffs' argument. Plaintiffs' scienter allegations against Ms. Lake rely in part on her stock sales during the putative class period, thus they are integral to Plaintiffs' claims, relevant to the Court's analysis, and the Court should consider them. *See Ixia*, 2015 WL 1775221, at *15; *AcelRx Pharms., Inc.*, 2022 WL 4544721, at *3.

**Exhibits 24-28.** Plaintiffs' entire dispute regarding Exhibits 24-28 is based on the argument that Defendants cannot incorporate documents for their truth regarding loss causation. (RJN Opp. at 10-11.) However, Plaintiffs admit that "*Defendants do not challenge loss causation in their motion to dismiss.*" (*Id.* at 10.) Because Plaintiffs make no other arguments against the incorporation by reference of Exhibits 24-28, they should be considered incorporated by reference in the Complaint.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
5:22-CV-04893-PCP

### 3.    Exhibits 2, 4, 5, 7, and 8 are Also Incorporated by Reference.

Plaintiffs take issue with Exhibits 2, 4, 5, 7, and 8 because these documents were each only cited once or twice in the Complaint, entirely ignoring the significance of these documents to their own claims.  (RJN Opp. at 5.)  Indeed, even if a particular document is not explicitly referenced in the Complaint, it can be incorporated by reference if it is "integral" to the Complaint.  *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. at 1165 ("[A] document may be incorporated even if it is never referenced directly in the complaint if the claim necessarily depended on the document."); *In re Fastly, Inc. Sec. Litig.*, 2021 WL 5494249, at *6-7 (N.D. Cal. Nov. 23, 2021) (document cited only once was incorporated by reference).  Plaintiffs also fail to address Defendants' arguments that these exhibits form the basis of Plaintiffs' claims.  (*See* RJN at 3-4.) Because these documents are cited in the Complaint and are necessary to the foundation of Plaintiffs' securities fraud claims, they are each incorporated by reference.

Specifically, Plaintiffs cite these documents to highlight the progression of Defendants' alleged knowledge of negative testing data – knowledge essential to Plaintiffs' claims of falsity and scienter.  Citing statements from Exhibits 2, 4-5, 7, and 8, Plaintiffs argue that Stitch Fix (1) told investors early internal tests were successful, (¶¶26-28), and (2) subsequently hired Ms. Spaulding (whose success the market apparently pinned to Direct Buy's success), (¶¶29-33), all while (3) the Defendants said the Company was running tests all the time, (¶¶26-27, 31-33.)  For example:

- **Exhibit 2:** Plaintiffs cite Exhibit 2, a transcript of Stitch Fix's Q4 2019 earnings call on October 1, 2019, to allege that Stitch Fix "touted the latest initiative in the Direct Buy program," and that Ms. Lake, when asked whether Direct Buy was cannibalistic to Fix, downplayed cannibalization.  (¶¶ 26-28.)

- **Exhibits 4-5:** Similarly, Plaintiffs cite Exhibits 4 and 5, transcripts of Stitch Fix's presentation at the February 11, 2020 Goldman Sachs Internet & Technology Conference and Stitch Fix's Q2 2020 earnings call on March 9, 2020, respectively, to support their allegations that "Defendants continued to tout Direct Buy" in the year after Ms. Spaulding joined the Company.  (¶31.)

- **Exhibit 7:** Plaintiffs cite Exhibit 7, a transcript of Stitch Fix's Q3 earnings call on June 8, 2020, to allege that Mses. Lake and Spaulding stated Fix and Direct Buy were complementary rather than cannibalistic.  (¶32.)

- **Exhibit 8**: Plaintiffs use Exhibit 8, a transcript of Stitch Fix's Q4 2020 earnings call on September 22, 2020, to underscore Stitch Fix's "'continued investing across engineering, data science, and products' because 'direct buy . . . can offer a step change in our growth trajectory.'"  (¶33.)

Cooley LLP
Attorneys at Law
Palo Alto

7

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
5:22-CV-04893-PCP

Plaintiffs also cite pre-class period statements as evidence the Company was running tests prior to the beginning of the alleged class period, and that Defendants had detailed knowledge of the testing, in support of their scienter argument.  For example, Plaintiffs' Opposition cites Exhibit 2 to allege that "Defendants had internal test results on the day the [December 2020 statements] were made *and well before then.*"  (Opp. at 10.)  Plaintiffs cannot argue Defendants were in possession of pre-class period testing data and subsequently argue against the incorporation of the exhibits they rely on to elicit such alleged knowledge.

It is clear these statements are essential and integral to Plaintiffs' woven narrative of securities fraud.  As such, the Court should consider Exhibits 2, 4, 5, 7, and 8 incorporated by reference.

**B.    Plaintiffs Do Not Dispute that Exhibits 1-31 Are Judicially Noticeable.**

Plaintiffs do not dispute that Exhibits 2, 4-5, 7-29, and 31 are the types of documents that are proper subjects of judicial notice.  (RJN Opp. at 3.)  Plaintiffs instead claim that Defendants rely on these exhibits to improperly draw factual inferences directly disputed by the Complaint.  (*Id.*)  Plaintiffs again are wrong.  Courts routinely take judicial notice of earnings call transcripts, investor presentation transcripts, analyst reports, SEC filings, and other public information for the purpose of showing what information was available to the market and when.  *See, e.g., In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020).

**1.    Exhibits 1, 3, and 6 are Proper Subjects of Judicial Notice.**

Defendants request that the Court take judicial notice of Exhibits 1, 3, and 6 because SEC filings, earnings call transcripts, and conference transcripts are "publicly available financial documents" and "publicly available articles or other news releases of which the market was aware."  (*See* RJN at 6 (citing *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017)).)  Plaintiffs concede these exhibits "may ostensibly be considered for the proposition that Defendants made the statements contained therein" but not for their truth.  (RJN Opp. at 3.)  Defendants did not introduce these documents for their truth.  Judicial notice is appropriate for "adjudicative fact[s]" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  *In re ON24, Inc. Sec. Litig.*, 2023 WL 7449838, at *1 (N.D. Cal.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8

**REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
5:22-CV-04893-PCP**

July 7, 2023). Because the documents here are all publicly available and not subject to reasonable questions on their authenticity (nor do Plaintiffs challenge their authenticity), and because Plaintiffs appear to concede these exhibits are proper subjects of judicial notice, the Court should judicially notice Exhibits 1, 3, and 6.

**2.      Exhibits 2, 4-5, and 7-8 are Proper Subjects of Judicial Notice.**

Plaintiffs claim Exhibits 2, 4-5, and 7-8 are improperly cited for their truth. (RJN Opp. at 4-5.) Although these documents—all of which are earnings calls or conference transcripts—are independently incorporated by reference, Defendants cite these documents for what Stitch Fix told investors and analysts regarding the Company, its services, and its product development at the time. Courts routinely take judicial notice of these types of documents, cited for this precise purpose. *Jui-Yang Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (taking judicial notice of conference call transcripts "for the purposes of demonstrating what was disclosed to investors"); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (The Court may consider documents under the judicial notice doctrine because they "indicate what was in the public realm at the time,").

**3.      Exhibits 30 and 31 are the Proper Subjects of Judicial Notice.**

Plaintiffs next argue that Defendants use Exhibits 30 and 31, compilations of Ms. Lake's Forms 4, "to suggest that her stock sales were actually benign." (RJN Opp. at 9.) Plaintiffs' argument fails because these exhibits are not offered for their truth. Rather, Exhibits 30 and 31 are subject to judicial notice because (a) Plaintiffs do not dispute the accuracy of the trades demonstrated in the Forms 4, *Smith v. NetApp, Inc.*, 2021 WL 1233354, at *4 (N.D. Cal. Feb. 1, 2021) (taking judicial notice of stock trades from Forms 4), and (b) SEC filings are subject to judicial notice to show what information was on the market, such as the trades Ms. Lake made before and during the class period, *see Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 50 F. Supp. 3d 1328, 1349 (C. D. Cal. 2014). Courts may judicially notice Forms 4 from before and after the class period "because they are [SEC filings] subject to judicial notice under Rule 201." *Mogensen v. Body Cent. Corp.*, 2013 WL 8290493, at *5 (M.D. Fla. Sept. 19, 2013). Furthermore, judicial notice of these

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
5:22-CV-04893-PCP

forms is proper "because they contain relevant information required for an assessment of [Plaintiffs'] scienter allegations, and their authenticity is not in question." *Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) (taking judicial notice of the truth and contents of Form 4 where plaintiff's allegations of scienter relied on stock sales). Therefore, the Court can, and should, take judicial notice of Ms. Lake's stock trades from both before and during the class period.

**4.      Exhibits 9-29 are Also the Proper Subjects of Judicial Notice.**

As discussed above, Exhibits 9-29 are incorporated by reference into the Complaint. Plaintiffs also do not dispute these exhibits are proper subjects of judicial notice, or that the Court can consider them for what the Defendants told the market.  (*See* RJN Opp. at 5-11); *see, e.g., In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (taking judicial notice of SEC filings); *Wochos v. Tesla, Inc.*, 2019 WL 1332395 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir. 2021) (taking judicial notice of earnings calls); *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) (taking judicial notice of conference transcripts); *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020) (taking judicial notice of an analyst report); *In re Amgen Inc. Sec. Litig.*, 544 F.Supp.2d 1009, 1023–24 (C.D. Cal. 2008) (same).  As such, it is undisputed they are the proper subjects of judicial notice.

**III.      CONCLUSION**

For the reasons stated above, Defendants respectfully request the Court consider Exhibits 1-31.

Dated: February 6, 2024                                COOLEY LLP


By: */s/ Patrick E. Gibbs*
      Patrick E. Gibbs

Attorneys for Defendants
STITCH FIX, INC., KATRINA LAKE, and
ELIZABETH SPAULDING

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10

REPLY ISO DEFENDANTS'
MTN FOR JUDICIAL NOTICE
5:22-CV-04893-PCP