COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
BRETT H. DE JARNETTE (292919) (bdejarnette@cooley.com)
JANELLE M. FERNANDES (322217) (jfernandes@cooley.com)
AMIE L. SIMMONS (336356) (asimmons@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

Attorneys for Defendants
STITCH FIX, INC., KATRINA LAKE,
and ELIZABETH SPAULDING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 RETIREMENT FUND, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>STITCH FIX, INC., et al.,<br><br>                    Defendants. | Case No. 5:22-cv-04893-PCP<br><br>**REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Date:       March 20, 2025<br>Time:       10:00 a.m.<br>Dept:       Courtroom 8, 4th Fl.<br>Judge:      Hon. P. Casey Pitts<br><br>Trial Date: Not Yet Set<br>Date Action Filed: August 26, 2022 |

**PLEASE TAKE NOTICE THAT** Defendants Stitch Fix, Inc. ("Stitch Fix" or the "Company"), Katrina Lake, and Elizabeth Spaulding (together with Stitch Fix, "Defendants") hereby request the Court consider under the incorporation by reference doctrine and/or take judicial notice of the exhibits identified below in support of Defendants' Motion to Dismiss the Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Motion to Dismiss").  All exhibits are attached to the Declaration of Janelle M. Fernandes in Support of Defendants' Motion to Dismiss, filed concurrently herewith.[1]

## I.   INTRODUCTION

Defendants respectfully request that this Court incorporate by reference and/or take judicial notice of Exhibits 1–30 detailed in **Appendix A** attached hereto.  The Court has already taken judicial notice of twenty-six of these exhibits.  The additional four exhibits should also be considered as they provide the Court with necessary context to determine whether Plaintiffs have adequately plead a securities fraud claim in their Second Amended Class Action Complaint for Violations of the Federal Securities Laws.  *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  As described in detail below, these exhibits have been incorporated by reference into the SAC or are proper subjects of judicial notice under Federal Rule of Evidence 201.

## II.   ARGUMENT

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2016) (citing *Tellabs*, 551 U.S. at 322).  Consistent with the Supreme Court's mandate in *Tellabs* and the Ninth Circuit's guidance in *Khoja*, the Court here should consider Exhibits 2, 5–7, 9, 11, 13–15, 17, 19, 21–28 because they are either extensively referenced in the SAC or otherwise form the basis of Plaintiffs' claims. The Court should also take judicial notice of Exhibits 1-30 because they are publicly available documents whose "accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).

---

[1] All "¶" references are to paragraph numbers in the Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "SAC") (ECF No. 88.)  All emphasis is added, unless otherwise noted.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

DEFS. RJN ISO MOTION TO DISMISS SECOND
AMENDED COMPLAINT
5:22-CV-04893-PCP

**A.  The Court May Take Judicial Notice of Exhibits 1–30.**

***Exhibits 1-7 and 10-26.***  The Court already found that Exhibits 1–7 and 10–26 appropriate for consideration in ruling on Defendants' Motions to Dismiss.  In its July 16, 2024 Order Granting Defendants' Motions to Dismiss the Amended Class Action Complaint (the "Order") (ECF No. 81), the Court found that the exhibits identified in Defendants' Request for Judicial Notice and for Incorporation by Reference in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 52) were "judicially noticeable because [they are] publicly available and undisputed."  (Order at 5 n.2.)  As detailed in **Appendix A**, Exhibits 1–7 and 10–26 attached to the Fernandes Declaration are the same documents as Exhibits 1–8, 10–14, 16–18, 21–22, 24–31 in the Defendants' Motion to Dismiss the Amended Complaint ("MTD AC").  For the same reasons stated in the Order, Exhibits 1-7, and 10–26 are the proper subject of judicial notice.

***Exhibits 8-9, 29-30.***  Exhibits 8, 9, 29, and 30 are also the proper subjects of judicial notice as SEC filings —a Form 10-Q (Ex. 8), a Form 8-K (Ex. 9), and two Schedule14A Proxy Statements (Exs. 29-30.)[2]  "Courts routinely take judicial notice of SEC filings in securities cases where authenticity is not disputed because their accuracy cannot reasonably be questioned."  *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 6, 2020); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (noting that judicial notice of SEC filings is "proper"); *In re Rackable Sys. Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) ("SEC filings may be judicially noticed"); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (noting SEC filings proper subject of judicial notice); *In re Calpine Corp. Sec. Litig.*, 288 F.Supp.2d 1054, 1076 (N.D. Cal. 2003) (the court "may properly take judicial notice of SEC filings"); *In re Salesforce.com Sec. Litig.*, 2005 WL 6327481, at *3 (N.D. Cal. Dec. 22, 2015) (taking judicial notice of company's SEC filings); *In re Facebook, Inc. Sec. Litig.*, 405 F.Supp.3d 809, 828-29 (N.D. Cal. 2019) (taking judicial notice of the defendant's SEC filings);

---

[2] Plaintiffs appear to rely on a "Schedule 14A" in ¶228 of the SAC in connection with their scienter allegations against Defendant Lake.  It is unclear which Schedule 14A they are relying on.  *See* Mot. at 24 n.14.  To the extent they rely on these documents, Defendants would submit that these documents are also incorporated by reference.

Cooley LLP
Attorneys at Law
Palo Alto

3

**Defs. RJN ISO Motion to Dismiss Second
Amended Complaint
5:22-cv-04893-PCP**

*Lamartina v. VMware, Inc.*, 2021 WL 4133851, at *5 (N.D. Cal. Sept. 10, 2021). Because their authenticity is not disputed and their accuracy cannot be questioned, judicial notice of Exhibits 8, 9, 29-30 is proper here.

*Exhibits 27-28.* Exhibits 27 and 28 are also proper subjects of judicial notice. Exhibits 27 and 28 are only different from Exhibits 30 and 31 from Defendants' previous Request for Judicial Notice and Incorporation by Reference (ECF No. 71) in that they reflect the SAC's new class period: June 9, 2020 through June 9, 2022.[3] Regardless of the changed time periods, Ms. Lake's Forms 4 from the Pre-Class Period are the proper subjects of judicial notice, and her Forms 4 from the Class Period are both incorporated by reference and the proper subjects of judicial notice. *In re Tibco Software, Inc.*, 2006 WL 1469654, at *17 (N.D. Cal. May 25, 2006) ("[A] court may take judicial notice of Forms 4 filed with the SEC, which are deemed incorporated by reference into a complaint when a plaintiff's allegations rely on a defendant's stock sales"); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F.Supp.2d 1045, 1059 (N.D. Cal. 2012) (taking judicial notice of the truth and contents of Form 4 where plaintiff's allegations of scienter relied on stock sales).

### B. The Court Should Consider Documents Incorporated by Reference into the Complaint (Exs. 2, 5–7, 9, 11, 13–15, 17, 19, 21–28).

In the Ninth Circuit, the incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. A document is incorporated by reference into a complaint "if the plaintiff refers extensively to the document or the document ***forms the basis of the plaintiff's claim***." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes documents that are necessary to plaintiffs' allegations, even where a plaintiff references only a short excerpt of the document, *Khoja*, 899 F.3d at 1002, or does not "explicitly reference[] [the document] in the [c]omplaint." *Wietschner v. Monterey Pasta Co.*, 294 F.Supp.2d 1102, 1109 (N.D. Cal. 2003). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the

---

[3] Exhibit 27 covers Ms. Lake's Forms 4 filed during the 24 months preceding the Class Period (the "Pre-Class Period")—June 8, 2018 through June 8, 2020—while Exhibit 28 herein covers Ms. Lake's Forms 4 filed during the Class Period.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

DEFS. RJN ISO MOTION TO DISMISS SECOND
AMENDED COMPLAINT
5:22-CV-04893-PCP

Court—are free to refer to any of its contents."[4] *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (quoting *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F.Supp.2d 1092, 1107 (E.D. Wash. 2013)).  This prevents "artful pleading by plaintiffs," *Khoja*, 899 F.3d at 1003, such as "highlighting only the portions of certain documents that support their claims, while omitting portions of those documents that weaken their claims." *Jones v. Micron Tech. Inc.*, 400 F.Supp.3d 897, 905 (N.D. Cal. 2019).

**1.  The Documents Containing the Challenged Statements and Alleged Corrective Disclosures Are Incorporated by Reference (Exs. 6, 7, 11, 14–15, 17, 19, and 21–25).**

Plaintiffs claim that Defendants misled the investing public by "represent[ing] to investors that Direct Buy was and would be 'additive,' 'incremental' and 'complementary'" to the Company's Fix products when, in Plaintiffs' manufactured reality, "Defendants knew that Direct Buy was cannibalizing Fix. (*See* ¶¶144–75.)  The sources of these alleged false or misleading statements, as well as the alleged corrective disclosures, unequivocally "form the basis of [Plaintiffs'] claims."  *See Khoja*, 899 F.3d at 1004–05 (documents containing alleged misrepresentations and corrective disclosures form the basis of a Section 10(b) claim and are incorporated by reference into the complaint); *see Patel v. Parnes*, 253 F.R.D. 531, 545 (C.D. Cal. 2008) ("Courts may consider securities offering and corporate disclosure documents referenced in a complaint."); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) (same).

The SAC is founded on the premise that Defendants' SEC filings (Exs. 6, 11, 14) and earnings call transcript and presentations (Exs. 7, 11, 15, 17, 19) were false or misleading when made. (¶¶145, 147, 149, 151, 153, 155, 157, 159, 162, 164, 167, 170, 173.)  The statements in these exhibits are among the sources of Defendants' allegedly "materially false and misleading

---

[4] Plaintiffs extensively argued in their Opposition to Defendants' Motion for Judicial Notice/Incorporation by Reference (the "First RJN Opp.") (ECF No. 73) that Defendants "ask[ed] the Court to draw [improper] factual inferences directly disputed by the Complaint." (*Id*. at 3.)  The Court did not give any weight to these arguments and found that *all* of Defendants' exhibits were subject to consideration in deciding the previous motion to dismiss. (Order at 5 n.2.)  Defendants do not reference any exhibits in the attached motion to dismiss to draw improper factual inferences, only to provide full context to the SAC's cherry-picked allegations.  The Court should not be swayed by any such argument should it arise.

Cooley LLP
Attorneys at Law
Palo Alto

5

**Defs. RJN ISO Motion to Dismiss Second Amended Complaint
5:22-cv-04893-PCP**

statements and omissions." (¶144.)  As a result, these exhibits are incorporated by reference into the Complaint.  *See Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019).

Plaintiffs also allege that statements in Exhibits 14-15, and 21-25 revealed the purported truth "concealed by Defendants" that "Defendants knew from their internal test results that Freestyle was cannibalizing the existing Fix business." (¶117; ¶¶176–90 (detailing loss causation allegations).)  As such, Exhibits 13-14 and 24-28 form the basis of Plaintiffs' loss causation allegations and are incorporated by reference.  *Khoja*, 899 F.3d at 1307.

### 2. Exhibits 2, 5, 26–28 Are Incorporated by Reference Because They Are Extensively Cited or Form the Basis of Plaintiffs' Claims.

Exhibits 2, 5, and 26 through 28 are earnings and conference call transcripts and SEC filings incorporated by reference into the Complaint because they are extensively referenced and/or form the basis of Plaintiffs' claims.  *Khoja*, 899 F.3d at 1002-03.  A single reference to a document may be sufficiently "extensive" if it is "relatively lengthy," and documents that are not cited can still be incorporated if they are "integral" to the allegations.  *Id.*; *In re Fastly, Inc. Sec. Litig.*, 2021 WL 5494249, at *6–7 (N.D. Cal. Nov. 28, 2021) (finding documents referenced in the complaint only in a single paragraph as incorporated by reference); *In re Apple Inc. Device Performance Litig.*, 386 F.Supp.3d 1155, 1165 (N.D. Cal. 2019) ("[A] document may be incorporated even if it is never referenced directly in the complaint if the claim necessarily depended on the document.").  Additionally, documents used to explain why challenged statements are allegedly false or misleading are incorporated by reference.  *See Mulquin v. Nektar Therapeutics*, 510 F.Supp.3d 854, 863 (N.D. Cal. 2020) ("Given Plaintiffs' extensive reliance on this document to detail the bases for the alleged falsity in Defendants' statements, the Court finds it incorporated by reference.").

Exhibits 2, 5, and 26 through 28 should be incorporated by reference because they form the basis for Plaintiffs' falsity, scienter, and/or loss causation claims.  *Smith v. NetApp, Inc.*, 2021 WL 1233354, at *3 (N.D. Cal. Feb. 1, 2021); *In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (incorporating by reference exhibits used to support plaintiffs' scienter allegations).  Indeed, Plaintiffs admit that their allegations are based on "(i) Stitch Fix's public filings with the Securities and Exchange Commission ("SEC"); (ii) research reports by

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

DEFS. RJN ISO MOTION TO DISMISS SECOND
AMENDED COMPLAINT
5:22-CV-04893-PCP

securities and financial analysts; (iii) recordings and transcripts of investor conference calls; (iv) publicly available presentations by Stitch Fix; (v) press releases and media reports; (vi) securities pricing data . . . and (viii) other material and data identified herein." (SAC at 1.)

**Earnings Call and Conference Transcripts (Exhibits 2 and 5).** Plaintiffs quote from the Company's pre-Class Period earnings and conference call transcripts to highlight the purported importance of Direct Buy to Stitch Fix and, by extension, the importance of Ms. Spaulding's role in bringing Direct Buy to fruition and success. (¶¶4, 28–29, 33) For example, Plaintiffs cite to Exhibit 5 to argue that "Defendants promised investors . . . that Direct Buy would be launched to new customers within 'the next quarter or two'," (¶4), that "Lake heralded Direct Buy as a powerful new driver for acquiring new clients," (¶29), and that Ms. Lake and Ms. Spaulding told "investors that Direct Buy 'is highly complementary to our Fix offering and will play a key role in unlocking additional market opportunity as we seek to attract new clients.'" (¶33.) Plaintiffs' rely on these transcripts in support of their theory that Defendants had a motive to conceal negative internal tests showing cannibalization. Accordingly, Exhibits 2 and 5 are incorporated by reference.

**Stitch Fix's SEC Filings (Exhibits 26–28).** Several of Stitch Fix's SEC filings (Exhibits 26-28) also form the basis of Plaintiffs' claims. For example, Plaintiffs rely on Exhibit 26 to support their allegation that Defendant's Spaulding's resignation "was associated with the alleged misconduct described in the Complaint." (¶229.) *See In re SunPower Corp.*, 2018 WL 4904904, at *3 n.2 (incorporating by reference exhibits used to support plaintiffs' scienter allegations). Plaintiffs also rely on Exhibits 27 and 28, Lake's Forms 4 reflecting her pre-class period and class period stock sales, for their allegation that Defendant Lake had a motive to mislead investors: "Lake capitalized on her materially false and misleading statements and omissions to investors by disposing of personally-held shares at artificially inflated prices." (¶228.) Because Plaintiffs rely on Exhibits 27 and 28 for their scienter allegations, they are incorporated by reference into the SAC. *See Oklahoma Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *15 (C.D. Cal. Apr. 14, 2015) (incorporating by reference defendant's Forms 4 used as the basis for plaintiffs' stock sale allegations); *Sneed v. AcelRx Pharms., Inc.*, 2022 WL 4544721, at *3 (N.D. Cal. Sept. 28, 2022) (finding Forms 4 incorporated by reference into complaint where plaintiffs alleged stock

Cooley LLP
Attorneys at Law
Palo Alto

7

Defs. RJN ISO Motion to Dismiss Second
Amended Complaint
5:22-cv-04893-PCP

sales to support scienter).

### III.    CONCLUSION

For the reasons stated above, Defendants respectfully ask that the Court take judicial notice of and/or find that the requested documents are incorporated by reference into the SAC.

Dated:  November 8, 2024                                COOLEY LLP


By: /s/ Brett De Jarnette
        Brett De Jarnette

Attorneys for Defendants
STITCH FIX, INC., KATRINA LAKE, and
ELIZABETH SPAULDING

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8

DEFS. RJN ISO MOTION TO DISMISS SECOND
AMENDED COMPLAINT
5:22-CV-04893-PCP

**Appendix A: Exhibits to the Current Motion to Dismiss**

| Ex. | Prior Ex. No.[5] | Description | Basis | ¶¶ |
|---|---|---|---|---|
| 1 | 1 | Stitch Fix's Form 8-K Current Report and attached Earnings Release and Shareholder Letter for the quarter ended August 3, 2019, filed with the United States Securities and Exchange Commission ("SEC") on October 1, 2019. | JN | |
| 2 | 2 | Transcript of Stitch Fix's Q4 2019 Earnings Call, on October 1, 2019, published by S&P Global Market Intelligence. | IBR, JN | 28, 29 |
| 3 | 3 | Transcript of Stitch Fix's Q1 2020 Earnings Call on December 9, 2019, published by S&P Global Market Intelligence. | JN | |
| 4 | 4 | Transcript of Stitch Fix's presentation at the Goldman Sachs Internet & Technology Conference on February 11, 2020, published by S&P Global Market Intelligence. | JN | |
| 5 | 5 | Transcript of Stitch Fix's Q2 2020 Earnings Call on March 9, 2020, published by S&P Global Market Intelligence. | IBR; JN | 33 |
| 6 | 6 | Stitch Fix's Form 8-K Current Report and attached Earnings Release and Shareholder Letter for the quarter ended May 2, 2020, filed with the United States Securities and Exchange Commission ("SEC") on June 8, 2020. | IBR; JN | 21, 22, 36, 40, 145 |
| 7 | 7 | Transcript of Stitch Fix's Q3 2020 Earnings Call on June 8, 2020, published by S&P Global Market Intelligence. | IBR, JN | 5, 21, 22, 38, 40, 51, 147, 149, 151, 201, 216, 218 |
| 8 | | Excerpt of Stitch Fix's Form 10-Q for the quarter ended May 2, 2020, filed with the SEC on June 9, 2020. | JN | |
| 9 | | Transcript of Stitch Fix's presentation at the William Blair Growth Stock Virtual Conference on June 10, 2020. | IBR JN | 21, 41, 153, 154 |
| 10 | 8 | Transcript of Stitch Fix's Q4 2020 Earnings Call on September 22, 2020, published by S&P Global Market Intelligence. | JN | |
| 11 | 10 | Transcript of Stitch Fix's Q1 2021 Earnings Call on December 7, 2020, published by S&P Global Market Intelligence. | IBR, JN | 21, 22, 82, 83, 157, 158, 199 216 |
| 12 | 11 | Excerpt of Stitch Fix's Form 10-Q for the quarter ended October 31, 2020, filed with the SEC on December 8, 2020. | JN | |
| 13 | 12 | Transcript of Stitch Fix's presentation at the Goldman Sachs Internet & Technology Conference on February 10, 2021, published by S&P Global Market Intelligence. | IBR, JN | 21, 159, 160, 161, 207 |

---

[5] "Prior Ex. No." references the exhibit number of the documents used in support of Defendants' Motion to Dismiss the Amended Complaint, attached to the Declaration of Janelle M Fernandes in Support of Defendants' Motion to Dismiss the Amended Complaint. (ECF Nos. 69, 70.)

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9

DEFS. RJN ISO MOTION TO DISMISS SECOND
AMENDED COMPLAINT
5:22-CV-04893-PCP

| Ex. | Prior Ex. No.[5] | Description | Basis | ¶¶ |
|---|---|---|---|---|
| **14** | 13 | Stitch Fix's Form 8-K Current Report and attached Earnings Release and Shareholder Letter for the quarter ended January 30, 2021, filed with the SEC on March 8, 2021. | IBR, JN | 21, 22, 87, 162, 163, 178 |
| **15** | 14 | Transcript of Stitch Fix's Q2 2021 Earnings Call on March 8, 2021, published by S&P Global Market Intelligence. | IBR, JN | 22, 87, 88, 162, 163, 164, 165, 178, 219 |
| **16** | 16 | Excerpt of Stitch Fix's Form 10-Q for the quarter ended January 30, 2021, filed with the SEC on March 9, 2021. | JN | |
| **17** | 17 | Transcript of Stitch Fix's Q3 2021 Earnings Call on June 7, 2021, published by S&P Global Market Intelligence. | IBR, JN | 22, 98, 99, 167, 168, 169 |
| **18** | 18 | Excerpt of Stitch Fix's Form 10-Q for the quarter ended May 1, 2021, filed with the SEC on June 8, 2021. | JN | |
| **19** | 21 | Transcript of Stitch Fix's Q4 2021 Earnings Call on September 21, 2021, published by S&P Global Market Intelligence. | IBR, JN | 9, 22, 113, 114, 170, 171, 172, 173, 174, 175, 220, |
| **20** | 22 | Stitch Fix's Form 10-K for the fiscal year ended July 31, 2021, filed with the SEC on September 27, 2021. | JN | |
| **21** | 24 | Stitch Fix's Form 8-K Current Report and attached Earnings Release for the quarter ended October 30, 2021, filed with the SEC on December 7, 2021. | IBR, JN | 118 |
| **22** | 25 | Transcript of Stitch Fix's Q1 2022 Earnings Call on December 7, 2021, published by S&P Global Market Intelligence. | IBR, JN | 11, 53, 118, 121, 180 |
| **23** | 26 | Stitch Fix's Form 8-K Current Report and attached Earnings Release for the quarter ended January 29, 2022, filed with the SEC on March 8, 2022. | IBR, JN | 123 |
| **24** | 27 | Transcript of Stitch Fix's Q2 2022 Earnings Call on March 8, 2022, published by S&P Global Market Intelligence. | IBR, JN | 12, 123, 124, 126, 182 |
| **25** | 28 | Transcript of Stitch Fix's Q3 2022 Earnings Call on June 9, 2022, published by S&P Global Market Intelligence. | IBR, JN | 13 |
| **26** | 29 | Stitch Fix's Form 8-K Current Report, filed with the SEC on January 5, 2023. | IBR, JN | 14, 140, 229 |
| **27** | 30 | Forms 4 Statements of Changes in Beneficial Ownership for Katrina Lake reporting transactions from June 8, 2018 to June 8, 2020. | IBR, JN | 228 |
| **28** | 31 | Forms 4 Statements of Changes in Beneficial Ownership for Katrina Lake reporting transactions from June 9, 2020 to June 9, 2022. | IBR, JN | 10, 228 |
| **29** | | Excerpts of Stitch Fix's Schedule 14A, filed with the SEC on November 4, 2020. | JN | |
| **30** | | Excerpts of Stitch Fix's Schedule 14A, filed with the SEC on November 1, 2022. | JN | |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

DEFS. RJN ISO MOTION TO DISMISS SECOND
AMENDED COMPLAINT
5:22-CV-04893-PCP