COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
BRETT H. DE JARNETTE (292919) (bdejarnette@cooley.com)
JANELLE M. FERNANDES (322217) (jfernandes@cooley.com)
ZIWEI XIAO (324861) (zxiao@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:      (650) 843-5000
Facsimile:      (650) 849-7400

Attorneys for Defendants
STITCH FIX, INC., KATRINA LAKE, and
ELIZABETH SPAULDING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 RETIREMENT FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STITCH FIX, INC., et al.,<br><br>Defendants. | Case No. 5:22-cv-04893-PCP<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Judge:      Hon. P. Casey Pitts<br>Trial Date: Not Yet Set<br>Date Action Filed: August 26, 2022 |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

Defendants Stitch Fix, Inc., Katrina Lake, and Elizabeth Spaulding (collectively, "Defendants"), by and through their counsel, hereby answer Lead Plaintiffs Retail Wholesale Department Store Union ("RWDSU") Local 338 Retirement Fund, RWDSU Local 338 Health & Welfare Fund, RWDSU Local 338 General Fund, and RWDSU Local 338 Benefits Trust Fund's (collectively, "Lead Plaintiffs" or "Plaintiffs") Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "SAC"). To the extent that the paragraphs in the SAC are grouped under headings and subheadings, Defendants respond generally that the headings and subheadings do not constitute factual averments, and thus the headings are not included herein. To the extent that a response is deemed necessary, Defendants deny any and all allegations in each and every heading and subheading in the SAC.

Except as explicitly admitted herein, Defendants deny each and every allegation in the SAC, including, without limitation, headings, subheadings, footnotes, and the prayer for relief. Defendants answer the numbered paragraphs in the SAC as follows:

## I.    INTRODUCTION

1.    Defendants do not know the source of the purported quotations in paragraph 1 because Plaintiffs did not identify their sources. To the extent that paragraph 1 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete statements in context, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 1 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 1 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

2.    Defendants admit that Stitch Fix is an online personal styling service. Defendants also admit that clients can engage with Stitch Fix by (1) receiving a curated shipment of items informed by its algorithms and chosen by a Stitch Fix Stylist (a "Fix"); or (2) purchasing directly from its website or mobile app based on an individualized assortment of outfit and item recommendations ("Freestyle"). Clients may schedule regular Fix shipments on a cadence they choose, or they can order a Fix on demand. Then, after receiving a Fix, they can purchase the items

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

they want to keep (with any styling fee being credited toward the purchase) and return the other items, if any. Defendants do not know the source of the purported quotations in paragraph 2 because Plaintiffs did not identify their sources. To the extent that paragraph 2 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete statements in context, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 2 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 2 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 2.

3.    Defendants admit that prior to the start of the alleged class period, Stitch Fix announced it would launch a product which would allow certain customers to buy clothing and apparel products directly from Stitch Fix's website. Defendants do not know the source of the purported quotations in paragraph 3 because Plaintiffs did not identify their sources. To the extent that paragraph 3 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete statements in context, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 3 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 3 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

4.    Defendants admit that Elizabeth Spaulding became Stitch Fix's president on January 27, 2020, and became Stitch Fix's Chief Executive Officer ("CEO") on August 1, 2021. Defendants also admit that Stitch Fix held an earnings call on March 9, 2020. To the extent that paragraph 4 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent the allegations in paragraph 4 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of Paragraph 4 contains

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 4.

5. Defendants admit that Stitch Fix held an earnings call on June 8, 2020 during which Ms. Lake and Ms. Spaulding spoke. To the extent that paragraph 5 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 5 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of Paragraph 5 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 5.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and deny them on that basis.

7. Defendants admit that Stitch Fix's stock closed at $68.52 on March 8, 2021 and closed at $49.23 on March 9, 2021. For a complete history of Stitch Fix's common stock price, Defendants refer Plaintiffs to public sources that identify such information. Defendants also admit that Stitch Fix held an earnings call on March 8, 2021 during which Ms. Spaulding spoke. To the extent that paragraph 7 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 7 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 7 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 7.

8. Defendants admit that Stitch Fix conducted internal testing of its Direct Buy product. The remainder of the first two sentences of paragraph 8 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

required. To the extent a response is required, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 8 and deny them on that basis. Except as expressly admitted, Defendants deny the allegations in paragraph 8.

9. Defendants admit that Elizabeth Spaulding became Stitch Fix's president on January 27, 2020, and became Stitch Fix's CEO on August 1, 2021. Defendants also admit that Stitch Fix held an earnings call on September 21, 2021 during which Ms. Spaulding spoke. Defendants also admit that Stitch Fix published a press release on September 21, 2021 announcing Stitch Fix's launch of Freestyle. To the extent that paragraph 9 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript and press release, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 9 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 9 and the accompanying footnote contain Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 9 and the accompanying footnote.

10. Defendants admit that Katrina Lake sold 2,146,130 shares of Stitch Fix Class A common stock during the period June 9, 2020 through June 9, 2022. Defendants also admit that each share of Stitch Fix Class A common stock is entitled to one vote and each share of Stitch Fix Class B common stock is entitled to 10 votes. The remainder of paragraph 10 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 10.

11. Defendants admit that Stitch Fix's stock closed at $24.97 on December 7, 2021 and closed at $19.00 on December 8, 2021. Defendants also admit that Stitch Fix held an earnings call on December 7, 2021 during which Ms. Spaulding spoke. To the extent that paragraph 11 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to

Cooley LLP
Attorneys at Law
Palo Alto

4

Defendants' Answer to
Second Amend Complaint
5:22-cv-04893-PCP

the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 11 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 11 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 11.

12.    Defendants admit that Stitch Fix's stock closed at $11.01 on March 8, 2022 and closed at $10.34 on March 9, 2022. Defendants also admit that Stitch Fix held an earnings call on March 8, 2022 during which Ms. Spaulding spoke. To the extent that paragraph 12 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 12 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 12 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 12.

13.    Defendants admit that Stitch Fix's stock closed at $7.78 on June 9, 2022 and closed at $6.34 on June 10, 2022. Defendants also admit that Stitch Fix published a press release on June 9, 2022. Defendants admit that Ms. Lake spoke at the William Blair Growth Stock Virtual Conference on June 10, 2020. To the extent that paragraph 13 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call and conference transcripts, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 13 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 13 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 13.

14.    Defendants admit that Stitch Fix published a press release on January 5, 2023.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

Defendants also admit that Stitch Fix held an earnings call on March 7, 2023 during which Ms. Lake spoke. To the extent that paragraph 14 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete press release and earnings call transcript, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 14 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 14 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 14.

15.    Defendants admit that Plaintiffs assert claims against Defendants under Sections 10(b), 20(a), and 20(a) of the Exchange Act and Securities Exchange Commission ("SEC") Rule 10b-5. Except as expressly admitted, Defendants deny the allegations in paragraph 15.

16.    Defendants admit the allegations in paragraph 16.

17.    Defendants admit that venue is proper in this district and that Stitch Fix is headquartered and conducts business in this district. The remainder of paragraph 17 contains Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations, in particular that Defendants made any materially false or misleading statements to investors. Except as expressly admitted, Defendants deny the allegations in paragraph 17.

18.    Paragraph 18 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

19.    Defendants deny that Stitch Fix's common stock was artificially inflated during the alleged class period, and deny that Lead Plaintiffs suffered any damages. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 19 and deny them on that basis.

20.    Defendants admit that Stitch Fix (the "Company") sells a range of apparel, shoes, and accessories through its website and mobile applications. Defendants also admit that Stitch Fix

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

maintains its corporate headquarters at 1 Montgomery Street, Suite 1500, San Francisco, California. Defendants also admit that Stitch Fix stock trades on the NASDAQ under the ticker symbol "SFIX." The remainder of Paragraph 20 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 20. Except as expressly admitted, Defendants deny the allegations in paragraph 20.

21. Defendants admit that Katrina Lake is Stitch Fix's founder and has served as the Company's Executive Chairperson of the Board of Directors since August 1, 2021. Defendants also admit that Ms. Lake previously served as Stitch Fix's CEO from its founding in 2011 until August 1, 2021, and again from January 5, 2023 through June 26, 2023. Defendants deny the allegations in the last sentence of Paragraph 21.  Except as expressly admitted, Defendants deny the allegations in paragraph 21.

22. Defendants admit that Elizabeth Spaulding was Stitch Fix's CEO and a member of the Company's Board of Directors from August 1, 2021 through January 4, 2023. Defendants also admit that Ms. Spaulding previously served as Stitch Fix's President from January 27, 2020 through July 31, 2021. Defendants also admit that Ms. Spaulding stepped down from her roles at Stitch Fix on January 5, 2023. Defendants deny the allegations in the last sentence of Paragraph 22.  Except as expressly admitted, Defendants deny the allegations in paragraph 22.

23. Paragraph 23 contains Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 23.

24. Defendants admit the allegations in paragraph 24.

25. Defendants admit the first sentence in paragraph 25. Defendants also admit that, during the alleged class period, stylists typically determined which clothes to send clients based on the results of a "style quiz" and data science-driven recommendations from inventory. Defendants also admit that when the Fix arrived at the client's residence, the client could choose which, if any, items to buy, and return. Defendants also admit that the customer typically paid a "styling fee" per Fix, which was then applied to the total cost of the items, if any, that the client purchased.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

Defendants also admit that clients who purchased all items in the Fix generally received a discount. Except as expressly admitted, Defendants deny the allegations in paragraph 25.

26.    Defendants do not know the source of the purported quotations in paragraph 26 because Plaintiffs did not identify their sources. To the extent that paragraph 26 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete statements in context, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 26 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 26 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

27.    Defendants do not know the source of the purported quotations in paragraph 27 because Plaintiffs did not identify their sources. To the extent that paragraph 27 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete statements in context, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 27 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 27 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

28.    Defendants admit that Stitch Fix's fiscal year ends on the Saturday closest to July 31 of each given year. Defendants admit that Direct Buy was initially referred to as "Shop" or "Direct Buy," and was later rebranded as "Freestyle." Defendants also admit that Direct Buy consisted of multiple features which the Company rolled out between 2019 and 2021, including features named "Shop New Colors," "Shop Your Looks," "Trending For You," and "Shop By Category." Defendants also admit that, in a September 21, 2021 earnings press release and during an earnings call that same day, Stitch Fix announced the expansion of Freestyle to the general public. Defendants also admit that Stitch Fix held an earnings call on October 1, 2019 during which Ms. Lake spoke. To the extent that paragraph 28 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript,

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 28 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 28 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 28 and the accompanying footnote.

29.    Defendants admit that Stitch Fix held an earnings call on October 1, 2019, during which Ms. Lake spoke. To the extent that paragraph 29 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 29 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 29 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 29.

30.    Paragraph 30 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent paragraph 30 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To the extent that the allegations in paragraph 30 differ in any way from the contents of the analyst reports, Defendants deny the allegations.

31.    Defendants admit that Stitch Fix published two press releases on December 9, 2019. To the extent that paragraph 31 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete press releases, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 31 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 31 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 31.

32. Paragraph 32 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent paragraph 32 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To the extent that the allegations in paragraph 32 differ in any way from the contents of the analyst reports, Defendants deny the allegations in paragraph 32.

33. Defendants admit that Stitch Fix held an earnings call on March 9, 2020 during which Ms. Lake spoke. To the extent that paragraph 33 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 33 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 33 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 33.

34. Defendants admit that Stitch Fix held a conference call with investors on April 8, 2020. To the extent that paragraph 34 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 34 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 34 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 34.

35. Defendants admit that Stitch Fix held an earnings call on June 8, 2020 during which Ms. Lake and Ms. Spaulding spoke. To the extent that paragraph 35 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 35 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 35 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 35.

36.     Defendants admit that Stitch Fix issued a Letter to Shareholders on June 8, 2020, which was filed with the SEC as an exhibit to Stitch Fix's Form 8-K that same day. To the extent that the second sentence of paragraph 36 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete Letter to Shareholders, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 36 differ in any way from the contents of those statements, Defendants deny the allegations. The third and fourth sentences of paragraph 36 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 36.

37.     Defendants admit that Stitch Fix held an earnings call on June 8, 2020 during which Ms. Spaulding spoke. To the extent that paragraph 37 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 37 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 37 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 37. Additionally, the footnote accompanying paragraph 37 does not contain factual allegations and therefore no response is required.

38.     Defendants admit that Stitch Fix held an earnings call on June 8, 2020 during which Ms. Lake and Ms. Spaulding spoke. To the extent that paragraph 38 purports to quote, summarize,

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

11

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 38 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 38 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 38.

39.     Defendants admit that Stitch Fix held an earnings call on June 8, 2020 during which Ms. Lake and Ms. Spaulding spoke. To the extent that paragraph 39 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 39 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 39 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 39.

40.     Defendants admit that Stitch Fix held an earnings call on June 8, 2020 during which Ms. Lake and Ms. Spaulding spoke. Defendants also admit that Stitch Fix issued a Letter to Shareholders on June 8, 2020.  To the extent that paragraph 40 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript and Letter to Shareholders, which speaks themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 40 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 40 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 40.

41.     Defendants admit that Ms. Lake spoke at the William Blair Growth Stock Virtual Conference on June 10, 2020. To the extent that paragraph 41 purports to quote, summarize, or

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

12

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

characterize statements made by Defendants, Defendants refer Plaintiffs to the complete conference presentation transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 41 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 41 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 41.

42. Paragraph 42 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent paragraph 42 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To the extent that the allegations in paragraph 42 differ in any way from the contents of the analyst reports, Defendants deny the allegations.

43. Defendants admit that on June 17, 2020, Stitch Fix published a blog post on its website titled, "*Shop – Katie Sturino Collection: bringing our personalized shopping experience to new clients, no Fix required.*" Defendants also admit that Stitch Fix published a post on Twitter (now X) on June 29, 2020. To the extent that paragraph 43 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete blog post and original Twitter post, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 43 differ in any way from the contents of those statements or blog or original Twitter post, Defendants deny the allegations. The remainder of paragraph 43 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 43.

44. Defendants admit that Stitch Fix published a post on Twitter (now X) on July 23, 2020. To the extent that paragraph 44 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete original Twitter post, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 44

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

13

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

differ in any way from the contents of those statements or the original Twitter post, Defendants deny the allegations. The remainder of paragraph 44 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 44.

45.    Defendants admit that by June 8, 2020, Stitch Fix had offered Direct Buy to existing Fix customers. Defendants also admit that in June 2020, Stitch Fix introduced a beta for a new offering, "Trending for You," which removed the purchase item requirement and allowed select men's and women's clients to shop hyper-personalized looks based on their style profiles. The remainder of paragraph 45 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 45.

46.    Defendants deny that they made any statements which were false and misleading or that omitted material facts. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 46 and deny them on that basis.

47.    The first sentence of paragraph 47 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 47 and deny them on that basis.

48.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and the accompanying footnote and deny them on that basis.

49.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and deny them on that basis.

50.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and deny them on that basis.

51.    Defendants admit that Stitch Fix held an earnings call on June 8, 2020 during which

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

14

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

Ms. Lake and Ms. Spaulding spoke. To the extent that paragraph 51 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 51 differ in any way from the contents of those statements, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 51 and deny them on that basis. Except as expressly admitted, Defendants deny the allegations in paragraph 51.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and deny them on that basis.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and deny them on that basis.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and deny them on that basis.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and deny them on that basis.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and deny them on that basis.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and deny them on that basis.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and deny them on that basis.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and deny them on that basis.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and deny them on that basis.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and deny them on that basis.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

15

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

of the allegations in paragraph 62 and deny them on that basis.

63.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and deny them on that basis.

64.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and deny them on that basis.

65.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and deny them on that basis.

66.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and deny them on that basis.

67.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and deny them on that basis.

68.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and deny them on that basis.

69.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and deny them on that basis.

70.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and deny them on that basis.

71.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 and deny them on that basis.

72.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and deny them on that basis.

73.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and deny them on that basis.

74.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and deny them on that basis.

75.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and deny them on that basis.

76.    Defendants lack knowledge or information sufficient to form a belief as to the truth

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

16

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

of the allegations in paragraph 76 and deny them on that basis.

77.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and deny them on that basis.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and deny them on that basis.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and deny them on that basis.

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and deny them on that basis.

81.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and deny them on that basis.

82.     Defendants admit that Stitch Fix held an earnings call on December 7, 2020 during which Ms. Lake and Ms. Spaulding spoke. Defendants also admit that Stitch Fix issued a Letter to Shareholders on December 7, 2020, which was filed with the SEC as an exhibit to Stitch Fix's Form 8-K that same day. To the extent that paragraph 82 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript and Letter to Shareholders, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 82 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 82 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 82.

83.     Defendants admit that Stitch Fix held an earnings call on December 7, 2020 during which Ms. Lake and Ms. Spaulding spoke. To the extent that paragraph 83 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 83 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 83 contains Plaintiffs'

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

17

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 83.

84.    Defendants admit that Stitch Fix's stock closed at $35.83 on December 7, 2020 and closed at $49.89 on December 8, 2020. To the extent paragraph 84 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To the extent that the allegations in paragraph 84 differ in any way from the contents of the analyst reports, Defendants deny the allegations. The remainder of paragraph 84 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 84.

85.    Defendants admit that Stitch Fix held an earnings call on December 7, 2020 during which Ms. Lake spoke. Defendants also admit that Stitch Fix published a press release on December 7, 2020 which detailed the Company's guidance of Q2 2021 net revenue growth at 12-14% year-over-year and Fiscal Year 2021 net revenue growth at 20-25% year-over-year. To the extent that paragraph 85 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript and press release, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 85 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 85 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 85.

86.    Paragraph 86 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent paragraph 86 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To the extent that the allegations in paragraph 86 differ in any way from the contents of the analyst

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

18

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

reports, Defendants deny the allegations.

87.    Defendants admit that Stitch Fix held an earnings call on March 8, 2021 during which Ms. Spaulding spoke. Defendants also admit that Stitch Fix issued a Letter to Shareholders on March 8, 2021, which was filed with the SEC as an exhibit to Stitch Fix's Form 8-K that same day. To the extent that paragraph 87 purports to quote, summarize, or characterize statements made during the earnings call and/or by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript and Letter to Shareholders, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 87 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 87 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 87.

88.    Defendants admit that Stitch Fix held an earnings call on March 8, 2021. To the extent that paragraph 88 purports to quote, summarize, or characterize statements made during the earnings call, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 88 differ in any way from the contents of those statements, Defendants deny the allegations. To the extent that paragraph 88 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports, which are the best evidence of their contents. To the extent that the allegations in paragraph 88 differ in any way from the contents of those analyst reports, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 88.

89.    Defendants admit that Stitch Fix's stock closed at $68.52 on March 8, 2021 and closed at $49.23 on March 9, 2021. The remainder of paragraph 89 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 89.

90.    Defendants admit that Stitch Fix held an earnings call on March 8, 2021 during

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

19

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

which Ms. Spaulding spoke. To the extent that paragraph 90 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 90 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 90 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 90.

91.    Paragraph 91 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent paragraph 91 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To the extent that the allegations in paragraph 91 differ in any way from the contents of the analyst reports, Defendants deny the allegations.

92.    Paragraph 92 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

93.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and deny them on that basis.

94.    Defendants admit that Stitch Fix published a press release on April 13, 2021. To the extent that paragraph 94 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete press release, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 94 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 94 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 94.

95.    Paragraph 95 contains Plaintiffs' own characterizations, speculation, arguments,

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

20

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent paragraph 95 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To the extent that the allegations in paragraph 95 differ in any way from the contents of the analyst reports, Defendants deny the allegations.

96.    Defendants admit that Ms. Lake and Ms. Spaulding were interviewed by Bloomberg TV on May 3, 2021. To the extent that paragraph 96 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete interview, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 96 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 96 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 96.

97.    The first sentence of paragraph 97 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of allegations in paragraph 97 and deny them on that basis.

98.    Defendants admit that Stitch Fix held an earnings call on June 7, 2021 during which Ms. Lake spoke. To the extent that paragraph 98 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 98 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 98 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 98.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

21

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

99.    Defendants admit that Stitch Fix held an earnings call on June 7, 2021 during which Ms. Lake and Ms. Spaulding spoke. To the extent that paragraph 99 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 99 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 99 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 99.

100.    Paragraph 100 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent paragraph 100 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To the extent that the allegations in paragraph 100 differ in any way from the contents of the analyst reports, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 and deny them on that basis.

101.    Defendants admit that Ms. Spaulding became the CEO of Stitch Fix on August 1, 2021. Defendants also admit that, in a September 21, 2021 earnings press release and during an earnings call that same day, Stitch Fix announced the expansion of Freestyle to the general public. The remainder of the first sentence of paragraph 101 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the last sentence in paragraph 101 and deny them on that basis. Except as expressly admitted, Defendants deny the allegations in paragraph 101.

102.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 and deny them on that basis.

103.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 and deny them on that basis.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

22

**DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP**

104.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 and deny them on that basis.

105.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 and deny them on that basis.

106.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 and deny them on that basis.

107.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 and deny them on that basis.

108.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 and deny them on that basis.

109.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 and deny them on that basis.

110.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and deny them on that basis.

111.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 and deny them on that basis.

112.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 and deny them on that basis.

113.    Defendants admit that Stitch Fix held an earnings call on September 21, 2021 during which Ms. Spaulding spoke. To the extent that paragraph 113 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 113 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 113 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 113.

114.    Defendants admit that Stitch Fix held an earnings call on September 21, 2021 during

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

23

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

which Ms. Spaulding spoke. To the extent that paragraph 114 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 114 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 114 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 114.

115.     Paragraph 115 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent that paragraph 115 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To the extent that the allegations in paragraph 115 differ in any way from the contents of the analyst reports, Defendants deny the allegations.

116.     Paragraph 116 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent that paragraph 116 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To the extent that the allegations in paragraph 116 differ in any way from the contents of the analyst reports, Defendants deny the allegations.

117.     Defendants deny the allegations in the first sentence of paragraph 117. Defendants do not know the source of the purported quotations in paragraph 117 because Plaintiffs did not identify their sources. To the extent that paragraph 117 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete statements in context, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 117 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 117 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

24

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

required. To the extent a response is required, Defendants deny the allegations.

118.    Defendants admit that on December 7, 2021, Stitch Fix filed with the SEC a Form 8-K announcing earnings for the quarter ended October 30, 2021. Defendants also admit that Stitch Fix held an earnings call on December 7, 2021 during which Ms. Spaulding spoke. To the extent that paragraph 118 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete Form 8-K and earnings call transcript, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 118 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 118 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 118.

119.    Defendants admit that Stitch Fix's stock closed at $24.97 on December 7, 2021 and closed at $19.00 on December 8, 2021. The remainder of paragraph 119 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 119.

120.    Defendants admit that Stitch Fix held an earnings call on December 7, 2021 during which Ms. Spaulding spoke. To the extent that paragraph 120 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 120 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 120 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 120.

121.    Defendants admit that Stitch Fix held an earnings call on December 7, 2021 during which Ms. Spaulding spoke. To the extent that paragraph 121 purports to quote, summarize, or

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

25

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 121 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 121 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 121.

122.    Paragraph 122 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent that paragraph 122 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To the extent that the allegations in paragraph 122 differ in any way from the contents of the analyst reports, Defendants deny the allegations.

123.    Defendants admit that on March 8, 2022, Stitch Fix filed with the SEC a Form 8-K announcing earnings for the quarter ended January 29, 2022. Defendants also admit that Stitch Fix held an earnings call on March 8, 2022 during which Ms. Spaulding spoke. To the extent that paragraph 123 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete Form 8-K and earnings call transcript, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 123 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 123 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 123.

124.    Defendants admit that Stitch Fix held an earnings call on March 8, 2022 during which Ms. Spaulding spoke. To the extent that paragraph 124 purports to quote, summarize, or characterize statements made during the earnings call and/or by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO
26
DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

of its contents. To the extent that the allegations in paragraph 124 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 124 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 124.

125.    Defendants admit that Stitch Fix's stock closed at $11.01 on March 8, 2022 and closed at $10.34 on March 9, 2022. The remainder of paragraph 125 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 125.

126.    Defendants admit that Stitch Fix held an earnings call on March 8, 2022 during which Ms. Spaulding spoke. To the extent that paragraph 126 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 126 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 126 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 126.

127.    Paragraph 127 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent that paragraph 127 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To the extent that the allegations in paragraph 127 differ in any way from the contents of the analyst reports, Defendants deny the allegations.

128.    Defendants admit that Stitch Fix held an earnings call on June 9, 2022 during which Ms. Spaulding spoke. Defendants also admit that on June 9, 2022, Stitch Fix published a blog post on its website titled, "*A Message from our CEO Elizabeth Spaulding*" which included some details

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

27

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

about the Company's reduction in its workforce. To the extent that paragraph 128 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript and blog post, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 128 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 128 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 128.

129.    Defendants admit that Stitch Fix's stock closed at $8.69 on June 8, 2022 and closed at $7.78 on June 9, 2022. The remainder of paragraph 129 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 129.

130.    Defendants admit that Stitch Fix published a press release on June 9, 2022. Defendants also admit that on June 9, 2022, Stitch Fix filed with the SEC a Form 8-K announcing earnings for the quarter ended April 30, 2022. Defendants also admit that on June 9, 2022, Stitch Fix filed with the SEC a Form 10-Q quarterly report for the quarter ended April 30, 2022. To the extent that paragraph 130 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete press release, Form 8-K, and Form 10-Q, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 130 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 130 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 130.

131.    Defendants admit that Stitch Fix held an earnings call on June 9, 2022 during which Ms. Spaulding spoke. To the extent that paragraph 131 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

28

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 131 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 131 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 131.

132.    Defendants admit that Stitch Fix held an earnings call on June 9, 2022. Defendants also admit that Stitch Fix published a press release on June 9, 2022 which detailed the Company's guidance of Q4 2022 net revenue in the range of $485 million to $495 million, a decline of 15% to 13% year-over-year, and Q4 2022 adjusted EBITDA in the range of negative $30 million to negative $25 million, a margin of negative 6% to negative 5%. Defendants also admit that the June 9, 2022 press release announced an adjusted EBITDA loss of $36 million. To the extent that paragraph 132 purports to quote, summarize, or characterize statements made during the earnings call and/or by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript and press release, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 132 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 132 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 132.

133.    Defendants admit that Stitch Fix's stock closed at $7.78 on June 9, 2022, and closed at $6.34 on June 10, 2022. The remainder of paragraph 133 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 133.

134.    Paragraph 134 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent that paragraph 134 purports to quote, summarize, or

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

29

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To the extent that the allegations in paragraph 134 differ in any way from the contents of the analyst reports, Defendants deny the allegations.

135. Paragraph 135 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent that paragraph 135 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To the extent that the allegations in paragraph 135 differ in any way from the contents of the analyst reports, Defendants deny the allegations.

136. Paragraph 136 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent that paragraph 136 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To the extent that the allegations in paragraph 136 differ in any way from the contents of the analyst reports, Defendants deny the allegations.

137. Paragraph 137 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent that paragraph 137 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To the extent that the allegations in paragraph 137 differ in any way from the contents of the analyst reports, Defendants deny the allegations.

138. Paragraph 138 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

139. Paragraph 139 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent that paragraph 139 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

30

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

the extent that the allegations in paragraph 139 differ in any way from the contents of the analyst reports, Defendants deny the allegations.

140. Defendants deny that "Freestyle's failure led to the end of Defendant Spalding's tenure act Stitch Fix." Defendants admit that Stitch Fix published a press release on January 5, 2023. To the extent that paragraph 140 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete press release, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 140 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 140 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 140.

141. Paragraph 141 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent that paragraph 141 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To the extent that the allegations in paragraph 141 differ in any way from the contents of the analyst reports, Defendants deny the allegations.

142. Defendants admit that on January 5, 2023, Stitch Fix published a blog post on its website titled, "*A message from our Founder*" which included some details about the Company's reduction in its workforce. To the extent that paragraph 142 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete blog post, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 142 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 142 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 142.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

31

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

143.    Defendants admit that Stitch Fix held earnings calls on March 7, 2023 and June 6, 2023 during which Ms. Lake spoke. To the extent that paragraph 143 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcripts, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 143 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 143 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 143.

144.    Defendants deny that they made any materially false or misleading statements or omissions during Lead Plaintiffs' proposed class period. Defendants do not know the source of the purported quotations in paragraph 144 because Plaintiffs did not identify their sources. To the extent that paragraph 144 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete statements in context, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 144 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 144 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

145.    Defendants admit that Stitch Fix issued a Letter to Shareholders on June 8, 2020, which was filed with the SEC as an exhibit to Stitch Fix's June 8, 2020 Form 8-K. Defendants also admit that Stitch Fix held an earnings call on June 8, 2020 during which Ms. Lake and Ms. Spaulding spoke. To the extent that paragraph 145 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete Letter to Shareholder and earnings call transcript, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 145 differ in any way from the contents of those statements, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 145.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

32

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

146.    Defendants deny the allegations in paragraph 146.

147.    Defendants admit that Stitch Fix held an earnings call on June 8, 2020 during which Ms. Lake and Ms. Spaulding spoke. Defendants also admit that Stitch Fix issued a Letter to Shareholders on June 8, 2020 which was filed with the SEC as an exhibit to Stitch Fix's June 8, 2020 Form 8-K. To the extent that paragraph 147 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete Letter to Shareholders and earnings call transcript, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 147 differ in any way from the contents of those statements, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 147.

148.    Defendants deny the allegations in paragraph 148.

149.    Defendants admit that Stitch Fix held an earnings call on June 8, 2020 during which Ms. Lake and Ms. Spaulding spoke. Defendants also admit that Stitch Fix issued a Letter to Shareholders on June 8, 2020 which was filed with the SEC as an exhibit to Stitch Fix's June 8, 2020 Form 8-K. To the extent that paragraph 149 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete Letter to Shareholders and earnings call transcript, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 149 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 149 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 149.

150.    Defendants deny the allegations in paragraph 150.

151.    Defendants admit that Stitch Fix held an earnings call on June 8, 2020 during which Ms. Spaulding spoke. To the extent that paragraph 151 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 151 differ in any way from the contents of those statements, Defendants

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

33

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

deny the allegations. The remainder of paragraph 151 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 151.

152. Defendants deny the allegations in paragraph 152.

153. Defendants admit that Ms. Lake spoke at the William Blair Growth Stock Virtual Conference on June 10, 2020. To the extent that paragraph 153 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete conference presentation transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 153 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 153 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 153.

154. Defendants deny the allegations in paragraph 154.

155. Defendants admit that Stitch Fix issued a Letter to Shareholders on December 7, 2020, which was filed with the SEC as an exhibit to Stitch Fix's Form 8-K that same day. Defendants also admit that Stitch Fix held an earnings call on December 7, 2020 during which Ms. Spaulding spoke. To the extent that paragraph 155 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript and Letter to Shareholders, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 155 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 155 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 155.

156. Defendants deny the allegations in paragraph 156.

157. Defendants admit that Stitch Fix held an earnings call on December 7, 2020 during

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

34

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

which Ms. Lake spoke.

158. Defendants deny the allegations in paragraph 158.

159. Defendants admit that Ms. Lake spoke at the Goldman Sachs Technology and Internet Virtual Conference on February 10, 2021. To the extent that paragraph 159 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete conference presentation transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 159 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 159 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 159.

160. Defendants deny the allegations in paragraph 160.

161. Defendants deny the allegations in paragraph 161.

162. Defendants admit that Stitch Fix issued a Letter to Shareholders on March 8, 2021, which was filed with the SEC as an exhibit to Stitch Fix's Form 8-K that same day. Defendants also admit that Stitch Fix held an earnings call on March 8, 2021 during which Ms. Spaulding spoke. To the extent that paragraph 162 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete Letter to Shareholders and earnings call transcript, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 162 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 162 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 162.

163. Defendants deny the allegations in paragraph 163.

164. Defendants admit that Stitch Fix held an earnings call on March 8, 2021 during which Ms. Spaulding spoke. To the extent that paragraph 164 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

35

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 164 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 164 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 164.

165.    Defendants deny the allegations in paragraph 165.

166.    Defendants deny the allegations in paragraph 166.

167.    Defendants admit that Stitch Fix held an earnings call on June 7, 2021 during which Ms. Spaulding spoke. To the extent that paragraph 167 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 167 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 167 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 167.

168.    Defendants deny the allegations in paragraph 168.

169.    Defendants deny the allegations in paragraph 169.

170.    Defendants admit that Stitch Fix held an earnings call on September 21, 2021 during which Ms. Spaulding spoke. To the extent that paragraph 170 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 170 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 170 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 170.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

36

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

171.    Defendants deny the allegations in paragraph 171.

172.    Defendants deny the allegations in paragraph 172.

173.    Defendants admit that Stitch Fix held an earnings call on September 21, 2021 during which Ms. Spaulding spoke. To the extent that paragraph 173 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 173 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 173 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 173.

174.    Defendants deny the allegations in paragraph 174.

175.    Defendants deny the allegations in paragraph 175.

176.    Defendants deny the allegations in paragraph 176.

177.    Defendants deny the allegations in paragraph 177.

178.    Defendants admit that Stitch Fix issued a Letter to Shareholders on March 8, 2021, which was filed with the SEC as an exhibit to Stitch Fix's Form 8-K that same day. Defendants also admit that Stitch Fix held an earnings call on March 8, 2021 during which Ms. Spaulding spoke. To the extent that paragraph 178 purports to quote, summarize, or characterize statements made during the earnings call and/or by Defendants, Defendants refer Plaintiffs to the complete Letter to Shareholders and earnings call transcript, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 178 differ in any way from the contents of those statements, Defendants deny the allegations. To the extent that paragraph 178 purports to quote, summarize, or characterize analyst reports, Defendants refer Plaintiffs to the contents of the analyst reports. To the extent that the allegations in paragraph 178 differ in any way from the contents of the analyst reports, Defendants deny the allegations. The remainder of paragraph 178 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

37

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 178.

179.    Defendants admit that Stitch Fix's stock closed at $68.52 on March 8, 2021 and closed at $49.23 per share on March 9, 2021. The remainder of paragraph 179 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 179.

180.    Defendants admit that Stitch Fix held an earnings call on December 7, 2021 during which Ms. Spaulding spoke. To the extent that paragraph 180 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 180 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 180 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 180.

181.    Defendants admit that Stitch Fix's stock closed at $24.97 on December 7, 2021 and closed at $19.00 on December 8, 2021. Except as expressly admitted, Defendants deny the allegations in paragraph 181.

182.    Defendants admit that Stitch Fix held an earnings call on March 8, 2022 during which Ms. Spaulding spoke. To the extent that paragraph 182 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 182 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 182 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 182.

183.    Paragraph 183 contains Plaintiffs' own characterizations, arguments, or legal

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

38

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 183.

184.    Defendants admit that Stitch Fix's stock closed at $11.01 on March 8, 2022 and closed at $10.34 on March 9, 2022. The remainder of paragraph 184 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 184.

185.    Defendants admit that Stitch Fix held an earnings call on June 9, 2022 during which Ms. Spaulding spoke. Defendants also admit that on June 9, 2022, Stitch Fix published a blog post on its website titled, "*A Message from our CEO Elizabeth Spaulding*" which included some details about the Company's reduction in its workforce. To the extent that paragraph 185 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript and blog post, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 185 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 185 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 185.

186.    Defendants admit that Stitch Fix's stock closed at $8.69 on June 8, 2022 and closed at $7.78 on June 9, 2022. The remainder of paragraph 186 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 186.

187.    Defendants admit that Stitch Fix published a press release on June 9, 2022. Defendants also admit that Stitch Fix held an earnings call on June 9, 2022. Defendants also admit that on June 9, 2022, Stitch Fix filed with the SEC a Form 8-K announcing earnings for the quarter ended April 30, 2022. Defendants also admit that on June 9, 2022, Stitch Fix filed with the SEC a Form 10-Q quarterly report for the quarter ended April 30, 2022. To the extent that paragraph 187

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

39

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete form 10-Q, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 187 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 187 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 187.

188.    Defendants admit that Stitch Fix held an earnings call on June 9, 2022 during which Ms. Spaulding spoke. To the extent that paragraph 188 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 188 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 188 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 188.

189.    Defendants admit that Stitch Fix's stock closed at $7.78 on June 9, 2022 and closed at $6.34 on June 10, 2022. The remainder of paragraph 189 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 189.

190.    Paragraph 190 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 190.

191.    Paragraph 191 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 191.

192.    Paragraph 192 contains Plaintiffs' own characterizations, speculation, arguments,

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

40

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 192.

193.    Defendants admit that Stitch Fix conducted internal testing of its Direct Buy product. The remainder of the first sentence of paragraph 193 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 193 and deny them on that basis. Except as expressly admitted, Defendants deny the allegations in paragraph 193.

194.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194 and deny them on that basis.

195.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195 and deny them on that basis.

196.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196 and deny them on that basis.

197.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197 and deny them on that basis.

198.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 198 and deny them on that basis. Defendants admit that Stitch Fix held an earnings call on December 7, 2020 during which Ms. Lake spoke.

199.    Defendants admit that Stitch Fix held an earnings call on December 7, 2020 during which Ms. Lake spoke. To the extent that paragraph 199 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 199 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 199 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

41

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

deny the allegations in paragraph 199.

200. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200 and deny them on that basis.

201. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201 and deny them on that basis.

202. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202 and deny them on that basis.

203. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203 and deny them on that basis.

204. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 204 and deny them on that basis.

205. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 205 and deny them on that basis.

206. Paragraph 206 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

207. Defendants admit that Ms. Lake spoke at the Goldman Sachs Technology and Internet Virtual Conference on February 10, 2021. To the extent that paragraph 207 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete conference presentation transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 207 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 207 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 207.

208. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208 and deny them on that basis.

209. Defendants lack knowledge or information sufficient to form a belief as to the truth

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

42

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

of the allegations in paragraph 209 and deny them on that basis.

210. Paragraph 210 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 210.

211. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 211 and deny them on that basis.

212. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 212 and deny them on that basis.

213. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 213 and deny them on that basis.

214. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 214 and deny them on that basis.

215. Paragraph 215 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 215.

216. Defendants admit that Stitch Fix held earnings calls on June 8, 2020 and December 7, 2020 during which Ms. Lake and Ms. Spaulding spoke. To the extent that paragraph 216 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcripts, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 216 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 216 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 216.

217. Paragraph 217 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 217.

218. Defendants admit that Stitch Fix held an earnings call on June 8, 2020 during which

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

43

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

Ms. Spaulding spoke. To the extent that paragraph 218 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 218 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 218 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 218.

219. Defendants admit that Stitch Fix held an earnings call on March 8, 2021 during which Ms. Spaulding spoke. To the extent that paragraph 219 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 219 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 219 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 219.

220. Defendants admit that Stitch Fix held an earnings call on September 21, 2021 during which Ms. Spaulding spoke. To the extent that paragraph 220 purports to quote, summarize, or characterize statements made by Defendants, Defendants refer Plaintiffs to the complete earnings call transcript, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 220 differ in any way from the contents of those statements, Defendants deny the allegations. The remainder of paragraph 220 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 220.

221. Paragraph 221 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required,

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

44

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

Defendants deny the allegations in paragraph 221.

222. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 222 and deny them on that basis.

223. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 223 and deny them on that basis.

224. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 224 and deny them on that basis.

225. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225 and deny them on that basis.

226. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 226 and deny them on that basis.

227. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227 and deny them on that basis.

228. Defendants admit that Katrina Lake sold 2,146,130 shares of Stitch Fix Class A common stock during the period June 9, 2020 through June 9, 2022. Defendants also admit that each share of Stitch Fix Class A common stock is entitled to one vote and each share of Stitch Fix Class B common stock is entitled to 10 votes. Defendants refer Plaintiffs to Stitch Fix's Schedules 14A and Ms. Lake's Forms 4, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 228 or the accompanying footnote differ in any way from the contents of those Schedules 14A and Forms 4, Defendants deny the allegations. The remainder of paragraph 228 and the accompanying footnote contain Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny the allegations in paragraph 228 and the accompanying footnote.

229. Defendants admit that Stitch Fix announced on January 5, 2023 that Ms. Spaulding would step down as Stitch Fix's Chief Executive Officer. The remainder of paragraph 229 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

45

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

as expressly admitted, Defendants deny the allegations in paragraph 229.

230. Paragraph 230 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 230.

231. Paragraph 231 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 231.

232. Paragraph 232 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 232.

233. Paragraph 233 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 233.

234. Paragraph 234 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 234.

235. Defendants deny that the purported class is entitled to a presumption of reliance. The remainder of paragraph 235 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 235.

236. Defendants deny the allegations in the second sentence of paragraph 236. The remainder of Paragraph 236 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 236. Except as expressly admitted herein, Defendants deny the allegations in paragraph 236.

237. Paragraph 237 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 237.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

46

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

238.    Defendants deny that this action can be maintained as a class action under Federal Rule of Civil Procedure 23. The remainder of paragraph 238 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 238. Moreover, the Court's July 9, 2025 Order (ECF No. 101) has shortened the putative class period to December 7, 2020 through June 9, 2022.

239.    Paragraph 239 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 239.

240.    Paragraph 240 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 240.

241.    Paragraph 241 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 241.

242.    Paragraph 242 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 242.

243.    Paragraph 243 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 243.

244.    Paragraph 244 does not contain factual allegations and therefore requires no response.

245.    Defendants admit that Plaintiffs assert claims against Defendants under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. Except as expressly admitted, Defendants deny the allegations in paragraph 245.

246.    Defendants deny the allegations in paragraph 246.

247.    Defendants deny the allegations in paragraph 247.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

47

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

248.    Defendants deny the allegations in paragraph 248.

249.    Defendants deny the allegations in paragraph 249.

250.    Defendants deny the allegations in paragraph 250.

251.    Defendants deny the allegations in paragraph 251.

252.    Defendants deny the allegations in paragraph 252.

253.    Paragraph 253 does not contain factual allegations and therefore requires no response.

254.    Defendants admit that Plaintiffs assert claims against Defendants under Section 20(a) of the Exchange Act. Except as expressly admitted, Defendants deny the allegations in paragraph 254.

255.    Paragraph 255 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 255.

256.    Paragraph 256 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 256.

257.    Paragraph 257 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 257.

258.    Defendants deny the allegations in paragraph 258.

259.    Defendants deny the allegations in paragraph 259.

260.    Paragraph 260 does not contain factual allegations and therefore requires no response.

## **AFFIRMATIVE DEFENSES**

As separate affirmative defenses to the causes of action in the SAC, and without assuming any burden of proof that would otherwise rest on Plaintiffs, Defendants allege as follows:

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

48

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

**FIRST AFFIRMATIVE DEFENSE**
**(Forward Looking Statements)**

1.    The SAC, and each and every cause of action alleged, is barred to the extent Plaintiffs' allegations are based on alleged projections, forecasts, or predictions of future events or results, because such projections, forecasts, or predictions were identified as forward-looking statements and accompanied by meaningful cautionary language, including in Defendants' public filings with the SEC and as referenced or incorporated during investor conference calls, that identified factors that could cause actual results to differ materially from those in the forward-looking statements; were immaterial; or were not made with actual knowledge that the statements were false or misleading when made. All such statements fall within the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 77z-2(c).

**SECOND AFFIRMATIVE DEFENSE**
**(Available Information)**

2.    The SAC, and each and every cause of action alleged, is barred because the facts alleged to have been misrepresented or omitted were rebutted by contrary information (including both public and non-public information) that were known to, received by, or otherwise publicly available to Plaintiffs, members of the putative class, and the securities markets generally.

**THIRD AFFIRMATIVE DEFENSE**
**(Class Action)**

3.    The SAC, and each and every cause of action alleged, is barred because this action is not maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

**FOURTH AFFIRMATIVE DEFENSE**
**(10b5-1 Plans)**

4.    The SAC, and each and every cause of action alleged, is barred because stock sales by the Individual Defendants identified in the Complaint are not evidence of scienter. Trades were made to pay taxes on Restricted Stock Units as they vested or were made pursuant to Rule 10b5-1 plans, and neither the terms of those plans nor the circumstances in which the Individual Defendants entered into such plans were intended or designed to take advantage of any alleged fraud.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

49

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

**FIFTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

5.    The SAC, and each and every cause of action alleged, is barred because Defendants acted in good faith, with genuine belief, and without knowledge that any alleged misstatement or omission was materially false or misleading.

**SIXTH AFFIRMATIVE DEFENSE**
**(Truth)**

6.    The SAC, and each and every cause of action alleged, is barred by the truth of Defendants' assertions.

**SEVENTH AFFIRMATIVE DEFENSE**
**(15 U.S.C. § 78u-(e))**

7.    If it should be determined that Plaintiffs have been damaged, then the damages that Plaintiffs seek are limited by the Private Securities Litigation Performed Act of 1995, 15 U.S.C. § 78u-4(e).

**EIGTH AFFIRMATIVE DEFENSE**
**(Information and Belief)**

8.    The SAC, and each and every cause of action alleged therein, is barred because, on information and belief, Plaintiffs and members of the putative class would have purchased Stitch Fix stock at the same price even if they had known, at the time of their respective purchases, of the facts alleged to have been misrepresented or omitted.

**RESERVATION OF RIGHTS**

Defendants expressly reserve the right to amend or supplement their Answer, defenses, and all other pleadings, as permitted by law. Defendants further reserve the right to assert any and all additional defenses under any applicable law, in the event that discovery indicates such defenses would be appropriate, and to assert any cross-claims, counterclaims, and/or third party claims.

**PRAYER FOR RELIEF**

Defendants pray that this Court enter judgment as follows:

1.    That Plaintiffs take nothing by the Complaint;

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

50

DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP

2.      For costs, attorneys' fees and expert witness fees;

3.      For judgment in favor of Defendants; and

4.      For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Defendants demand a trial by jury.

Dated:    October 2, 2025                COOLEY LLP


By: */s/ Patrick E. Gibbs*
            Patrick E. Gibbs

Attorneys for Defendants
STITCH FIX, INC., KATRINA LAKE, and
ELIZABETH SPAULDING

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

51

**DEFENDANTS' ANSWER TO
SECOND AMEND COMPLAINT
5:22-CV-04893-PCP**